## .. WILLIAM H. BLOOD *v.* ADAM LIGHT.

JUDGMENT ABATING NUISANCE.—In an action to abate a nuisance, a general verdict in favor of the plaintiff is sufficient to sustain a judgment abating the same.

VERDICT IN ACTION TO ABATE NUISANCE.—In an action to abate a nuisance, where the jury render a general verdict in favor of plaintiff, and also return special findings not inconsistent with the general verdict, a judgment abating the nuisance will be sustained.

INSTRUCTIONS TO JURY AS TO ADMITTED FACTS.—When certain allegations of fact in the complaint are admitted in the answer, an instruction by the Court to the jury that the admitted facts will be taken by them as true, and that they will so find for plaintiff, is not an instruction to the jury to find a verdict in favor of plaintiff, except as to the facts so admitted.

DENIAL OF ALLEGATIONS OF COMPLAINT.—Where certain allegations in a verified complaint are compound, embracing several particulars, and are denied as a whole in the language of the complaint, the allegations will be taken as admitted.

KNOWLEDGE TO RENDER WITNESS AN EXPERT.—A person who has been engaged in measuring and selling water to miners for four or five years, is sufficiently an expert to give his opinion as a witness upon the effect which a dam across a stream will have in raising the water in the channel above.

APPEAL from the County Court, Plumas County.

This was an action to abate a nuisance, commenced December 15th, 1864.

The complaint contained the following allegations :

" 1st—That this plaintiff is, and for a long time has been, to wit : since the fall of 1859, the owner of and in the quiet and peaceable possession of certain farm or ranch, situate in the lower end of Indian Valley, in Plumas County, State of California, described as follows, to wit : Bounded on the northwest by Indian Creek, on the upper or northeast end by the ranches of Bacher and Hough, on the southeast side by the mountains, and on the southwest, or end, by the ranch of Knoll, containing three hundred and twenty acres of land, more or less, and known as and called Adam Light Ranch, said ranch being composed mostly of low meadow and valley lands on said Indian Creek.

" 2d—That W. H. Blood, the above named defendant, a resident of said county and State, did, on or about the 1st day of November, A. D. 1864, at a point about one mile below the ranch aforesaid, where the aforesaid Indian Creek leaves Indian Valley, obstruct the waters of said Indian Creek by means of a dam across said stream, said dam being some four to six feet in height."

The following are the denials contained in the answer to the first and second allegations of the complaint :

" 1st—He denies that said plaintiff is and for a long time has been the owner of, and in the quiet and peaceable possession of a certain farm or ranch situated in the lower end of Indian Valley, Plumas County, State of California, as set forth in said plaintiff's complaint herein filed.

" 2d—That this defendant did, on the 1st day of November, A. D. 1864, or at any other day or time, ' at a point about one mile below the ranch of said plaintiff, where the aforesaid Indian Creek leaves Indian Valley, *obstruct* the waters of said Indian Creek by means of a dam across said stream, said dam being some four to six feet in height,' as alleged in plaintiff's complaint."

The Court instructed the jury that the defendant having admitted in his answer the facts alleged in the first and second paragraphs of the complaint, that they would so find for the plaintiff.

The jury returned a general verdict for the plaintiff for fifty dollars damage, and also their findings on several special issues submitted to them.

The Court rendered judgment for the plaintiff that the dam was a private nuisance, and directing defendant to abate the same within ten days, and if he failed to do so then directing the Sheriff of Plumas County to cause the dam to be abated.

The defendant appealed from the judgment, and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*H. H. Hartley,* for Appellant, argued that a verdict for plaintiff for damages did not necessarily authorize the abatement of a nuisance; and cited Angell on Watercourses, Secs. 140, 390, and 392; and *Gates* v. *Blincoe,* 2 Dana, 158.

*Creed Haymond,* for Respondent.

By the Court, SAWYER, J.:

We think the pleadings and verdict sufficient to sustain a judgment abating defendant's dam as a nuisance. The general verdict in favor of the plaintiff alone is sufficient, and the special findings are not inconsistent with it. The idea of the jury is not very artistically expressed in the special findings, but the intent was evidently to find that the dam was not only a present nuisance, but would continue to be a nuisance.

There was no error in giving the first and second instructions asked by the plaintiff. The Court did not thereby instruct the jury to find a verdict in favor of the plaintiff, as assumed by appellant's counsel, but only instructed them, that the allegations of the complaint referred to in the instructions having been admitted by the answer, they should find those admitted facts in favor of the plaintiff. The allegations specified were not sufficiently denied to put them in issue, and the complaint being verified, they were, for the purposes of the action, admitted to be true. The allegations referred to in these instructions are compound, embracing several particulars, and are denied as a whole, in the very language of the entire allegations. This mode of denial has been so often held to be insufficient to raise a material issue that there ought to be no further occasion to repeat it. The instructions were correct.

There was no error in refusing the sixth and seventh instructions asked by defendant in the form presented.

There was no error in the admission of Harvey's evidence.

These are the only points relied on in the brief of appellant.

We see no error in the record.    The judgment must be affirmed, and it is so ordered.

Mr. Justice RHODES expressed no opinion.