Akin v. Davis.

## ANDREW AKIN, et al., v. LEWIS F. DAVIS.

1. DAMAGES FOR OVERFLOWING LANDS; *Causes of Action—Trespass, Injunction — When united.* Where a person builds a dam and thereby causes a stream of water to rise so as to overflow another's land to his damage, such other person has at least two causes of action, first, a legal cause of action for the injuries already caused by the dam; second, an equitable cause of action to restrain by injunction the further maintenance and continuance of said dam. And these two causes of action may be united in the same petition, for both arise out of "the same transaction or transactions connected with the same subject of action."

2. PLEADING; *Matters of Defense need not be stated in Petition.* It is not necessary that the petition in such a case should state that the defendant did not obtain the right to flood the plaintiff's land by virtue of proceedings under the mill-dam act. That is matter for the defense.

3. ————— *Sufficiency of Petition; Practice.* Where no judgment for special damages has been rendered, it is wholly immaterial, when the question is considered by the supreme court, whether the allegations for special damages in the petition below were sufficient or not.

4. ————— *Statement of Facts ; Nature of Action.* Where the plaintiff sets forth in his petition a written instrument signed by all the parties to the action, which written instrument shows that the plaintiff in consideration of one dollar gives the defendants the right to raise the dam to a certain height and to flood the plaintiff's land to a certain point, and where the plaintiff asks no relief for raising the dam up to that height, or flooding his land up to a certain point, but asks relief for the excess only in raising the dam above that height and in flooding other land of his above and beyond that point, the action is not an action on contract, but is an action founded upon tortious acts of the defendant outside of any contract.

5. ERROR; *Unless Injurious will be Disregarded.* Where the plaintiff and the court below mistake a cause of action founded upon the tortious acts of the defendant, for a cause of action founded upon contract, and the cause is tried upon such erroneous theory, the errors of the court thereby caused will not require a reversal of the judgment unless the substantial rights of the defendant are thereby affected.

6. PETITION; *What to be Stated; Immaterial Averments.* Under our code a plaintiff is not required to state whether his cause of action is founded upon contract or on tort; and generally, if he should make such a statement, and be mistaken, the statement would be immaterial. All a plaintiff is now required to do is to "state the *facts* constituting" his "cause of action, in ordinary and concise language, and without repetition."

7. JURY; *When whole Case, Legal and Equitable, may be submitted.* Where the plaintiff's petition states two causes of action connected with the same subject of action, it is not error for the trial court to submit both of said causes of action together to a jury, and especially so if neither party objects to such submission.

8. MILL-DAM ACT; *Must be Complied with to give Rights thereunder.* When the proceedings of persons acting as commissioners under the provisions of the mill-dam act are grossly irregular, and it is not shown that a petition was presented to the district court for the appointment of commissioners, nor that they took and subscribed the proper oath of office, and where their report was not filed within the time fixed by law, and where no part of the damages awarded by them has been paid, or tendered, or deposited with the clerk of the district court, no rights can be founded upon or supported by such proceedings.

9. CONSTRUCTION OF CONTRACTS; *Error to submit Question to Jury; Immaterial Error disregarded.* It is error for the court to submit a written instrument to the jury to be by them construed; but where such submission is made, and the jury do not construe it, and where it appears that the plaintiff in drawing his petition, and the court in rendering judgment, gave every right to the defendants which they had any right to claim by virtue of said written instrument, and did not give anything to the plaintiff except what he had a right to claim, either with or without said written instrument, said error is immaterial.

### Error from Wilson District Court.

ACTION brought by *Davis*, February 21st 1871, against *Andrew Akin, C. G. Akin, Henry Akin,* and *Charles M. Akin,* to recover damages sustained by reason of the mill-dam of the defendants flowing the waters of the Verdigris river back upon and over plaintiff's lands, to compel defendants to abate or lower their mill-dam to a certain point, and to perpetually enjoin and restrain defendants from raising and maintaining their mill-dam, etc. The petition contained two counts. The defendants moved to compel the plaintiff to make his petition more definite and certain. Motion overruled. Defendants then moved to compel plaintiff to elect upon which cause of action he would proceed to trial. Motion overruled. Defendants answered, first, a general denial; second, the right of flowage of plaintiff's lands, acquired under and in accordance with the mill-dam act, (ch. 66, Gen. Stat.) Reply, general denial. Trial at the January Term 1872. The jury

returned a general verdict in favor of the plaintiff, and assessed his damages at five cents.   They also made a finding of special facts, as follows: 1st, *Davis* owned the lands described in his petition on the 1st of May 1870, and at the commencement of the action; 2d, at and prior to the 1st of May 1870 there was a ford located on plaintiff's land which plaintiff used in crossing the Verdigris river to and from different parts of his said land; 3d, a part of said land lay below said ford; 4th, *Akins'* mill-dam was built prior to February 1871; 5th, that after the erection of said mill-dam the waters of the Verdigris river flowed back on *Davis'* land, and obstructed said ford; 6th, that the average depth of water at said ford after said dam was erected was five and a half feet, at ordinary stage of water; 7th, that four feet of such depth was increased by reason of *Akins'* mill-dam.   New trial refused; and the court gave judgment in favor of the plaintiff for said five cents damages, and made and entered a decree commanding defendants to lower or abate their mill-dam to a certain point, (designating the same,) and entered an order perpetually enjoining and restraining defendants from repairing, or erecting, or maintaining said mill-dam so as to flow the waters back, etc.   From this judgment and decree the defendants appeal, and bring the case here on error.

*R. M. Ruggles*, for plaintiffs in error:

1. The first part of the petition clearly refers to torts committed by defendants upon plaintiff's land — in other words, a trespass; and the latter part of the petition just as clearly refers to breach of an alleged contract; and it is impossible to tell in which way the pleader intends.   To read it one would think the pleader intended it for both, so if he failed to establish the contract he might fall back upon his action for a continuing trespass.   "When the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge is not apparent, the court may order it to be made certain."   Code, § 119.   And we say the allegations contained in said petition are so indefinite and uncertain that it cannot be told

thereupon whether it was intended as an action on contract or as an action founded in tort, and the defendants certainly had a right to know which it was; and when a petition commences in tort and ends in an alleged violation of a contract it surely is liable to the objection that it is so indefinite and uncertain that the precise nature of the charge does not appear. Suppose no objection had been made to the petition, and the parties had proceeded to trial, and the plaintiff had wholly failed to prove any contract: then might he not have recovered for a trespass? We submit that if this be true the pleading must be liable to the objection above stated.

2. The court below erred in overruling a motion to compel the plaintiff to elect whether he would proceed in contract or in tort, and also asking that allegations referring to a contract should be stricken out as redundant, irrelevant and immaterial; and also asking that all allegations referring to a tort or trespass should be stricken out. If the petition could be treated as either a pleading upon contract, or a suit for an alleged tort, as we claim, then the defendants below were certainly entitled to an order compelling the plaintiff to elect upon which he would proceed, as a cause of action upon contract could not be united with one for a trespass. (Code, § 83.) Or if it should be deemed that but one cause of action was stated, and that was for a trespass, then all allegations relating to a contract between the parties should have been stricken out; or, if it should be deemed that but one cause of action was stated, and that was for a breach of contract, then all allegations as to a trespass should have been stricken out. It seems to us the pleading is sure to strand on some of these objections.

3. The court below erred in overruling a motion to make the first count more definite and certain, so as to show whether it was founded in contract or in tort; and also to show whether "certain damages" had resulted to the plaintiff by reason of the erection of the dam, and also to show how the plaintiff was damaged in "many other particulars." To say in a pleading that "certain damages" have resulted to a

party, is not sufficient. These referred to special damages, and they must be always specially alleged. Swan's Pleadings, 229.

4. The petition did not state facts sufficient to constitute a cause of action; and a separate demurrer was filed to each of the pretended causes of action. In considering these it becomes necessary to determine what was the character and effect of the written instrument attached to and forming a part of the petition of the plaintiff. It was claimed by the plaintiff below, and so treated by the court throughout the entire case, that it was a contract or a deed on the part of the defendants below which estopped them from acquiring any rights under the mill-dam act or otherwise, more or greater than contained in the instrument itself; and upon this theory was the case tried and determined in the court below. We contend that this instrument was either a license from the plaintiff to the defendants with provisos and restrictions, or a grant by deed of an easement in the lands of the plaintiff subject to the limitations therein contained; and so far as this case is concerned it makes no difference whether it is the one or the other. The instrument itself says: "I, L. F. Davis, for and in consideration of one dollar, * * * by deed or instrument in writing covenanted and agreed with the parties first above named (the defendants) that they should have the right to raise the water," etc.; "and *I do further* hereby waive all my right to recover any damages," etc., "provided that said dam shall not be kept or maintained at a greater height than seven feet," etc.; "and provided further, that the water so raised shall not overflow the rapids or falls," etc., "to all and singular the above bargain, covenant and agreement to be kept and performed *by me, I* do hereby bind *myself,* my heirs, executors and administrators," etc., "sealed with *my* seal, and dated this first day of May, A.D. 1870." And this "deed" is signed thus: "Lewis F. Davis; A. Akin & Sons."

The words in the above instrument making the grant, or giving the license, are all in the name of Davis: "I, L. F.

.Davis" agree that the defendants shall have the right to flow back the water, "and I do further hereby waive my right to recover damages," "*provided*," etc., "and provided further," etc. To all of which "I hereby bind *myself*, *my* heirs," etc.; "sealed with *my* seal," etc. Nowhere and in no instance throughout the entire instrument, is there any covenant, agreement or promise on the part of the *defendants* (plaintiffs in error) that they would do anything whatever. It is Davis who bargains, covenants, and agrees and waives, with provisos, limitations and restrictions. It is simply a deed-poll from Davis to defendants: 2 Washb. Real Prop., 588; 7 Bouv. Law Dict., *Deed-Poll.* See also 2 Metc., 180; 9 Metc., 405; 14 Gray, 443.

When motions have been made to correct a pleading and overruled, and it is susceptible of two constructions the other party may on demurrer adopt either construction. *Stewart v. Balderston*, 10 Kas., 131. The demurrer to the whole petition ought to have been sustained. 17 How. Prac. Rep., 239; 7 Cal., 133.

5. The court erred in submitting both causes of action to the jury, and not sending issues of fact to the jury on the second cause. The first cause of action set forth in the petition, being an action for the recovery of money, should have been left to the jury. (Code, § 266.) The second cause of action, being an equitable one, should have been tried by the court, unless there had been special issues of fact made up to be tried by the jury; (code, § 267; 2 Paige Ch., 482; Nash Pl. and Pr., 4–24; How. Pr., 240;) and these issues must have been made up before the introduction of any evidence upon them; (2 Barb. Ch. Pr., 484.)

6. The court erred in excluding the report of the commissioners appointed by the judge under the mill-dam act to assess damages for the right of flowage caused by the dam of plaintiffs in error, the report being the same attached to amended answer, and also erred in excluding the appointment of commissioners to make said assessment of damages for the

right of flowage over said Davis' land and the lands of others, with their oath of office and the notices, etc.

7. That the court erred in submitting the special questions of fact to the jury when the same were asked after the evidence in the case had been closed. This is well taken, since one of the alleged causes of action is an equitable one, and a jury can only find facts upon certain issues given to them or upon certain questions submitted; and the parties have a right to see the evidence is confined to those issues.

*Thurston & Cates*, for defendant in error:

As to the motions to compel plaintiff to make his petition definite and certain, and to elect whether he would proceed on contract or in tort, the following authorities may be properly considered: Civil code, § 119; 13 Wendell, 154; 1 Hilliard on Torts, 25, § 22, note *b;* 36 Miss., 660.

As to the demurrer of Davis to second defense, the following authorities are in point: 17 Wisconsin, 150, 424; 7 Iowa, 72; 1 English Reports, 551; 1 Redfield on Railways, 268, § 12; 1 Johnson & H., 631; 5 American Rep., 526.

The objections urged against the right of the court to submit the whole case, and all issues therein to the jury, are met by the authority of the civil code, §§ 266, 267, 285, and amended § 286.

As to the alleged error in excluding the report of the commissioners claiming to act under proceedings in accordance with the mill-dam act, we would cite the mill-dam act, ch. 66, Gen. Stat., §§ 4 to 9.

As applicable to the merits of the case in the court · below we would cite, Angell on Watercourses, §§ 415, 416, 428, 432, 441, 456.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Lewis F. Davis against Andrew Akin and others for damming the Verdigris river on their own land so as to cause the water to rise in the channel where said river flows through the plaintiff's

land. The facts stated in the plaintiff's petition constitute
two causes of action, and are stated in two sep-
arate counts. The first count states facts suffi-
cient to constitute a cause of action for the
injuries caused by said dam. The second count states facts
sufficient to constitute a cause of action for a perpetual injunc-
tion to restrain the defendants from further maintaining and
continuing said dam. Both causes of action are founded
upon the tortious acts of the defendants, the creating of a
private nuisance. The first is a *legal* cause of action, and at
common law would have been denominated an action *on the
case* for damages, an action for a tort. (Angell on Water-
courses, § 395, et seq.) The second is an *equitable* cause of
action brought for the purpose of enjoining the nuisance; for
under our code practice all actions brought for the purpose
of enjoining or abating private nuisances are in their nature
equitable.actions. (*People v. Moore*, 29 Cal., 427; Angell on
Watercourses, 6 ed., § 456*a*, and cases there cited; *Blood v.
Light*, 31 Cal., 115.) It is claimed that there is a misjoinder
of causes of action in this case. We are of a different opin-
ion however. Under our statutes legal and equitable causes
of action may be united in the same petition, where they all
arise out of the same transaction or transactions connected
with the same subject of action, or "injuries, with or without
force, to person and property, or either." (Code, § 83; *Harris
v. Avery*, 5 Kas., 151.) The two causes of action set forth in
this case have arisen out of the same transactions, and are
connected with the same subject of action; and the two kinds
of relief asked are not inconsistent, nor cumulative, nor
double — one being for compensation for past injuries, and
the other for a prevention of future injuries; and therefore
the two causes of action may be joined. The action for the
injunction is an equitable cause of action, as all will admit.
The action for damages is what would have been denominated
at common law an action on the case; and Mr. Chitty says,
"An action on the case is founded upon the mere justice and

*[margin note: 1. Overflowing lands. Uniting different causes of action.]*

conscience of the plaintiff's case, and in the nature of a bill of equity, and in effect is so." (1 Chitty Pl., 491.)

It is also claimed that said petition does not state facts sufficient to constitute a cause of action, because it does not state that the defendants did not obtain the right to flood the plaintiff's land by virtue of proceedings under the mill-dam act. (Gen. Stat., 576, ch. 66.) It is not necessary that any such statement should be inserted in the petition. If it is true that the defendants have obtained any such right by virtue of proceedings under the mill-dam act, it is for them to plead it and prove it. It is wholly immaterial now whether special damages were alleged in said petition or not, as no special damages, but only nominal damages, to-wit, five cents, were recovered by the plaintiff in this action. Hence it is also wholly immaterial now whether the court below erred or not in overruling a motion to require the plaintiff to make certain allegations in his petition with respect to special damages more definite and certain.

The plaintiff set forth in his petition a certain written instrument signed by all the parties to this suit. This instrument gave the defendants the right to build a dam and to raise the water on a portion of the plaintiff's land. But it did not give the defendants the right to build the dam as high as it was built, nor to raise the water in the channel of said river at the place where the plaintiff now complains that the defendants raised it. Whether this instrument created an easement, or a mere license, it is not now necessary to determine. All that it is necessary now to say is, that the defendants paid one dollar for whatever right they obtained, but they did not thereby acquire a right to do anything further, and they did not thereby agree to refrain from doing anything. The pleading of this written instrument on the part of the plaintiff is merely an admission by him of certain rights in the defendants; for by such written instrument the plaintiff deprived himself from recovering for damages for flooding the lower

---

*Marginal notes:*

2. Pleading. Matters of defense need not to be stated in petition.

3. Sufficiency of petition. Practice.

4. Facts stated determine nature of action.

portion of his land for which he might otherwise have recovered; and has deprived himself from obtaining an injunction to restrain the maintenance of that portion of the dam which caused the water to flood the lower portion of his land, as he could have done except for said written instrument. The written instrument therefore merely confers rights upon the defendants, and not upon the plaintiff. The plaintiff however abides by the instrument, and does not seek to recover for anything except what he has not granted to the defendants. The plaintiff is willing that the defendants shall maintain the dam at the height that he agreed that they might, and that they may flood his land as he agreed they should; and it is only for the excess in the height of the dam, and excess in flooding his land, above where he agreed that they might flood it, that he now complains, or seeks relief; and for this only the court below rendered judgment. The acts of the defendants in flooding the plaintiff's land above and beyond where they had a right to flood it, that is, in flooding land not included in said written instrument, were unquestionably tortious. These acts were of the same nature as though no such written instrument had ever been made. The plaintiff did not obtain the right to prevent the flooding of these lands by virtue of said written instrument, but he possessed such right prior to the execution of such written instrument, and independent thereof. Hence this action can in no sense be termed an action on contract, but it is an action founded on the tortious acts of the defendants in flooding land concerning which no contract has ever been made between the parties.

This action was commenced and prosecuted upon the erroneous theory that it was founded upon contract, and not upon 5. Error will be the tortious acts of the defendants. And because disregarded unless inju- of this erroneous theory the court below com- rious. mitted several errors. But after a careful consideration of the whole case we are satisfied that such errors did not affect the substantial rights of the defendants, and therefore that such errors will not require a reversal of the judgment of the court below. Although the plaintiff sup-

posed his action was founded on contract, yet he alleged in
his petition every fact necessary to render it a good petition
for the torts of the defendants, and every fact necessary to
obtain the relief he asked for, or that he received. The
plaintiff, by commencing and prosecuting his case upon an
erroneous theory, was not relieved from introducing any
evidence that he would otherwise have been required to
introduce; nor were the defendants required to introduce any
more or different evidence than they would have been
required to introduce if the case had been tried on the correct
theory; and the defendants could not have been materially
embarrassed in the introduction of their evidence, or in any
other manner, on account of said mistaken and erroneous
theory. The trial must have proceeded, notwithstanding
said erroneous theory, in all respects substantially as it would
have proceeded ·if it had been prosecuted upon the correct
theory. Under our code a plaintiff is not required to state
whether his cause of action is founded upon con-

6. Petition; what
to be stated;
immaterial
averments.

tract, or on tort; and generally, if he should make
such a statement, and be mistaken, the statement
would be immaterial. All that a plaintiff is now required
to do is to "state the facts constituting" "his cause of action,
in ordinary and concise language, and without repetition."
(Code, § 87.) These *facts* may sometimes constitute both a
cause of action on contract, and a cause of action on tort, or two
or more of either; and then, if the reliefs for the two or more
causes of action are inconsistent, the plaintiff would be
required to elect which of the same he would take, and in no
case could the plaintiff have a double relief for substantially
the same thing. But if the facts of the two or more causes
of action are the same, and if the reliefs are the same, and if
the plaintiff does not ask for double relief, but only for the
single relief which either cause of action would give him,
then there can be no good reason given why the plaintiff
should be required to elect as to which relief he would take,
or whether he would call his action an action on contract or
for tort.

It is claimed "that the district court erred in submitting both the causes of action set forth in the petition of the said

**7. Whole case, legal and equitable, submitted to jury.** Davis to a jury for trial," the first being a legal and the other an equitable cause of action. We perceive no error however in this. Either party had the right to have the first cause of action submitted to a jury. (Code, § 266.) And with reference to the second cause of action, the court in its discretion had the power to send any or all the issues therein contained to a jury, or to try them itself. (Code, § 267.) These issues, as mentioned in said § 267 of the code, are such as are made up by the pleadings of the parties, and no others are there contemplated. All feigned issues are abolished by our code, but the court may in some cases in its discretion direct the jury to find upon particular questions of fact not put in issue by the pleadings. (Civil code, § 12.) And we suppose the court may even in equity cases in its discretion follow § 286 of the code. (Laws of 1870, p. 173, ch. 87, § 7.) The court seems to have followed said § 286 in the present case, for the jury found a general verdict for the plaintiff upon all the issues, and also found specially upon certain particular questions of fact. When all the issues in an equitable cause of action are submitted to a jury, a general verdict for the plaintiff is sufficient. (*Blood v. Light*, 31 Cal., 115.) And this is true where the jury also find upon particular questions of fact, unless the special findings should be inconsistent with the general verdict. (*Id.*) Now as it was proper for the court to submit to the jury either of said causes of action separately, and in the manner that each was submitted, we can see no valid reason why both of them should not have been submitted together, and in the manner they were submitted; and especially so as both causes of action arose out of the same facts substantially. But it does not anywhere appear from the record that the defendants made any objection to the court submitting both causes of action as it did to the jury, and it is rather late now to raise the objection.

The defendants set up as a defense to the plaintiff's action

that they had a right to build said dam, and to flood the plaintiff's land by virtue of certain condemnation proceed-

**8. Mill-dam act; how rights thereunder to be acquired.**

ings under the mill-dam act. (Gen. Stat., 576, ch. 66.) On the trial the defendants offered to introduce the records of these proceedings to prove said defense, but the court excluded them. And we think they were rightfully excluded, as the proceeding were so irregular that no rights could be founded upon them. Under the statutes the first thing to be done regarding such proceedings is to present the proper petition to the judge of the district court; (Gen. Stat., 577, § 2.) The next is the appointment of the commissioners to assess the damages; (§ 3.) Then the commissioners are to be qualified by taking and subscribing the proper oath; (§ 4.) Then the commissioners, at the request of the petitioners, give the proper notice to the persons named in the petition whose lands it is supposed will be affected by the building of the dam; (§ 5.) This notice must be given at least thirty days before the meeting of the commissioners for the assessment of damages; (§ 6.) The commissioners then meet at the time and place appointed, and make their examination and assessment of damages; (§ 7.) The commissioners then make a report of their proceedings, and return their certificate of appointment and all affidavits and *other papers*, which must be done within thirty days after completing their examination; (§ 8;) and the damages assessed must then be paid, or tendered, or deposited with the clerk of the district court; (§ 9.) The proceedings however were in fact as follows: The persons who were afterward appointed commissioners gave the said required notice to the plaintiff and others, May 16th 1871; afterward they took and subscribed an oath, May 17th; afterward they were appointed commissioners, June 11th, but whether any written petition was ever presented to the judge of the district court therefor is not shown; afterward they met at the time and place appointed, June 16th, and assessed the damages of the plaintiff at $500; afterward they made a report of their proceedings July 28th, but not within thirty

days after they completed their examination and made their assessment of damages. Whether they returned the oath which they took and subscribed, (it being one of the papers required by § 8 aforesaid to be returned,) and what was the form of the oath, is not shown. And no part of the damages assessed has ever been paid, or tendered, or deposited with the clerk of the district court.

The court below of course erred in charging the jury so far as it treated this action as one founded upon contract; 9. Construction of contracts; error to sub- mit question to jury. but as we have before said, such error was imma- terial. The court also erred in submitting the written instrument set forth in the petition, to the jury, to be by them construed; but this error was also immaterial. The jury did not construe it; and the plaintiff in drawing his petition, and the court in rendering judgment, gave every right to the defendants which they had any right to claim by virtue of said written instrument, and did not give anything to the plaintiff except what he had a right to claim either with or without said written instrument.

The general verdict and the special finding were not incon- sistent, and either was sufficient to sustain the judgment. The judgment is affirmed.

All the Justices concurring.