[No. 7,039.—Department No. 2.]

## SOWDEN *v.* IDAHO QUARTZ MINING COMPANY.

Attorney of Record — Associate Counsel — Service.—The complaint was signed, "G. D. B., plaintiff's attorney." On the trial G. D. B. and H. V. R. appeared as counsel for the plaintiff. Service of motion for a new trial was accepted by "H. V. R., one of the attorneys for the plaintiff." Service of notice of appeal was admitted by "G. D. B. and H. V. R., plaintiff's attorneys." Service of the transcript was admitted by "G. D. B. and H. V. R., attorneys for plaintiff and respondent." Transcript was indorsed "G. D. B., Esq., and H. V. R., Esq., attorneys for respondent," and briefs filed with similar indorsements. Then G. D. B. files a separate brief, making the point that the notice of motion for new trial had not been served upon himself as attorney of record. *Held*, that the objection came too late.

Master—Servant.—In an action by an employé for injury incurred in the course of the employment, the Court, at the request of the plaintiff, instructed the jury that "The servant assumes no risks, except such as existed at the beginning of the employment, and such as are incidental to the business." *Held*, that the Court should have added words equivalent to, "or which existed during the course of the employment, of which the employé had knowledge or was bound to have knowledge."

Id.—Id.—Damages — Negligence — Instruction. — Certain instructions defining the liability of master to servant for injury incurred in course of employment *approved*. (The instructions will be found in statement of the case.)

Evidence — Reputation — Negligence. — The issue being, was E. powder a reasonably safe powder, and did the defendant exercise due care in ascertaining its safety? a witness was asked,—the defendant objecting—"What was the reputation of E. powder as a safe or dangerous compound?" *Held*, error; it not appearing that the reputation asked for ever came to the knowledge of defendant, or that it existed at any place where defendant was bound to inquire.

Id.—Expert—Witness.—A practical miner who has used blasting powder for years, and used a large amount of a certain powder, can be asked his opinion, based upon his experience, as to the safety of that powder, by virtue of the provisions of subdivision 9, § 1870, of the Code of Civil Procedure.

APPEAL by defendant from judgment in favor of plaintiff, and from order denying motion for new trial, in the District Court of the Fourteenth Judicial District, County of Nevada. REARDON, J.

The facts are stated in the opinion of the Court.

The instructions approved by the Court in its opinion, but not set forth, were as follows, to wit:

"*First.*—As between master and servant, the latter took upon himself all the dangers and risks incident to the employment in

which he engages; and, for injuries received in the course of his employment, and naturally resulting therefrom, the master is not liable. Neither is the master liable for injuries to the servant from causes purely accidental.

" *Second.*—The burden of proving negligence on the part of the company in this case devolves upon the plaintiff, and if he has failed to establish such negligence, the verdict should be for the defendant.

"*Third.*—There is nothing legally wrong in the use by an employer, of a powder less safe to his workmen than some other powder that might be selected, and even though the workman sustain an injury by the use of such powder, he has yet no right of action for such injury, where he knew, or had the means of readily ascertaining, as well as the employer himself, all the facts in relation to the character of the powder and the manner in which it ought to be used.

"*Fifth.*—If the jury believe, from the evidence, that the defendant used ordinary care and prudence to avoid exposing its workmen to dangers arising from the use of the Excelsior powder; and that prior to the time the plaintiff was injured, the powder had been so tested by a great number of experiments by practical miners, as to justify a man of ordinary care and prudence in allowing it to be used by his workmen, and the defendant knew of such tests and experiments, then the plaintiff is not entitled to recover in this action.

" *Seventh.*—If the jury find, from all the evidence in the case, that an iron bar was reasonably safe for the purpose of tamping the powder in question, and that the defendant, in the exercise of ordinary care and prudence, had a right to believe, and did believe, that it was reasonably safe for such purposes, then the plaintiff is not entitled to recover because an iron bar was used.

" *Eighth.*—The implied contract to furnish safe material and implements for working its mine, is the foundation of defendants' liability in a case of this character. If the workman, being fully able of choosing and contracting for himself, and with a knowledge, or with ready means of acquiring a knowledge, of the risk which he assumes, chooses to undertake a hazardous employment, or to put himself into a hazardous position, no such implied contract arises."

And the Court refused to give the following instructions asked for by the defendant:

"*Fourth.*—The workman is not bound to risk his safety in the service of his employer, and may, at his own option, decline any service in which he has reason to apprehend injury to himself, and if the plaintiff in this case used the powder in question, or any other powder known to be a dangerous explosive, he then assumed all risks incident to such use.

"*Sixth.*—If, from all the tests and experiments which the jury may find from the evidence to have been made with this powder before the plaintiff was injured, a man of ordinary care and prudence would have been justified in permitting it to be used by his workmen, for the purpose of blasting in his mine, and the defendant knew of such tests and experiments, and of the result thereof, then the plaintiff is not entitled to recover in this action."

And the Court then gave in writing the following instructions, upon the request of the plaintiff:

"*First.*—That it is the duty of the master to exercise care and prudence, that those in his employment be not exposed to unreasonable risks and dangers, and that the servant has a right to understand that the master will exercise that diligence in protecting him from injury; and also, in selecting the agent from which it may arise.

"*Second.*—That the plaintiff is only bound to use ordinary care in the performance of his work, and that if in the use of such care an accident happens to him, caused by the negligence of the defendant or its agents, then the defendant is liable in damages for the injury received.

"*Third.*—That if the jury believe, from the evidence, that the foreman of the defendant disregarded the instructions of the inventor of the powder, and instructed the plaintiff to use the same in a dangerous and unsafe manner, or with dangerous and unsafe implements, and that the plaintiff was ignorant of the proper manner of using this powder, and relying upon and following such instructions and directions of such foreman, with all the usual and ordinary care and skill, he was injured in the manner complained of, he is entitled to recover in this action.

"*Fourth.*—That the defendant was bound to furnish proper

and safe instruments for the use of its employés in working the Excelsior powder.   Therefore, if you believe from the evidence that an iron tamping-bar was an unsafe instrument to use on the powder, or if you believe that a wooden bar would have been safer, then it was negligence on the part of the defendant to furnish iron tamping-bars to its employés, provided the defendant knew, or by the use of ordinary care and diligence could have ascertained, that such iron bar was unsafe, or that a wooden bar would have been safer, and the plaintiff was ignorant thereof.

"*Fifth.*—That if you believe, from the evidence, that the powder, aside from the implements used upon it, was unsafe and dangerous in itself, when handled and employed in the same way as black powder, and that the defendant either knew or could have known that fact by the exercise of reasonable care and diligence, then you must find for the plaintiff, provided you further believe, from the evidence, that the plaintiff was ignorant of that fact.

"*Seventh.*—That if there is a proximate and discoverable cause which may have produced the injury, and which the evidence will warrant you in finding was sufficient for that end, then the mere fact that another cause existed which was adequate to the production of the same result, will not necessarily relieve the defendant.

"*Eighth.*—That when one enters into the service of another, he assumes the probable risks incident to the service, but the risk which the servant assumes must be measured by the master's duty, and is qualified by it.

"*Ninth.*—That there is another qualification or exception to the risk which the servant assumes, and that is, he assumes no risk except such as existed at the beginning of the employment, and such as are incident to the business.

"*Tenth.*—In order to imply assent to the hazards and risks, they must be patent, and such as the servant knows of or ought to know of.

"*Twelfth.*—That the defendant cannot relieve itself from responsibility on account of the carelessness or negligence of a third party; therefore, if you believe that Joseph Thomas was careless or negligent in the use of the powder, and that the de-

fendant, relying on his statement, used the powder in a careless or negligent manner, it is evidence of negligence.

"*Thirteenth.*—The employer must in all cases indemnify his employé for losses caused by the employer's want of ordinary care, and if the plaintiff necessarily suffered loss and injury in direct consequence of his obedience to the directions of his employer, he is entitled to recover in this action.

"*Fourteenth.*—That if you believe, from the evidence, that the negligent act complained of was committed before the defendant had properly and carefully performed its duty, you must find for the plaintiff, unless you are satisfied that the Excelsior powder, in comparison with black powder, is safe when submitted to the same tests as black powder.

"*Fifteenth.*—That ' ordinary care ' is dependent in a great measure upon the circumstances of each particular case, and that in the use of combustible or explosive materials, great care is required.

"*Eighteenth.*—In estimating damages, the jury should take into consideration the bodily suffering of the plaintiff, his pain of mind, and his business, and all expenses, if any, incurred on account of injuries received, and the employment of physicians and nurses, medicine and board, and also whether the injuries are likely to be permanent or only temporary.

"*Nineteenth.*—That if you should find for the plaintiff, he is entitled to recover not only the amount of damages which he suffered prior to the commencement of the action, but also all the damages proceeding continuously from the injury complained of, which he has suffered up to the verdict, and which it is reasonably certain that he will suffer in the future. In other words, if the plaintiff is entitled to recover in this action, you should allow him such damages as in your opinion will fully compensate him for the loss and injury he has sustained.

"*Twentieth.*—You are instructed that the defendant in this action cannot avail itself of the experiments performed by the Excelsior Powder Company, or of the Providence Mining Company, prior to the introduction by the defendant of Excelsior powder into its mine, as evidence of care on its part, unless you believe, from the evidence, that the defendant knew of these experiments at that time."

Thereafter, the Court, of its own motion, gave to the jury, in writing, the following instructions, to wit:

" In this case, as it appears to me, one of the most material questions grows out of the point made by the plaintiff, at the trial, that the defendant introduced into its mine a new powder, known to it to be highly dangerous and unsafe when used for blasting purposes in the same manner as black powder, without disclosing that fact to the plaintiff; but, on the contrary, directed him to use it, and tamp in every respect as he had been accustomed to use and tamp black powder; whereby, though he followed such direction with great care, prudence, and skill, a premature explosion occurred, by reason of his tamping it with an iron bar, as miners were accustomed to tamp black powder, and he was thereby injured.

" Upon this point, I charge you that if the foreman, under whom the plaintiff was working, and from whom he took his orders, was charged with the duty, and had the power to employ and discharge the men, and knew, or had reason to believe, the Excelsior powder could not with safety be tamped with an iron tamping-bar, and without informing the plaintiff thereof, or imparting to him the knowledge he possessed, directed him to use it, and treat it in the same manner as he had been accustomed to treat black powder, including the use of the iron bar; and if the plaintiff followed such directions with ordinary care, prudence, and skill, and a premature explosion occurred by reason of the use of the iron tamping-bar, then the defendant is liable for the injuries the plaintiff thereby sustained, provided said plaintiff was, at the time, ignorant upon the subject.

" It is true that the plaintiff, when he contracted with the defendant to work in its mine, took upon himself all the risks necessarily and usually incident to such employment, but if the defendant had knowledge or information showing that the particular powder was dangerous or unsafe to a degree beyond that which plaintiff could fairly be supposed to know, or anticipate, it was bound to impart to him such information as that he might then have the opportunity of deciding for himself whether or not he would assume the extra risk and danger."

*Dibble & Kitts*, and *Geo. S. Hupp*, for Appellant.

The defendant being at the time of the accident in the law-

ful pursuit of its legitimate business, the injury of plaintiff is *damnum absque injuria*, unless upon proof of negligence on the part of defendant or its agents. (*Rood* v. *N. Y. & E. R. Co.* 18 Barb. 85.) Negligence defined (*Nitro Glycerine Case*, 15 Wall. 536); and the burden is on plaintiff to prove it. (Id. 537.)

As to degree of care required of defendant (*Hoffman* v. *Tuolumne W. Co.* 10 Cal. 413; *Todd* v. *Cochell*, 17 id. 98. Civ. Code, §§ 1970, 1971.)

The servant is himself bound to exercise proper care. (Wood's Master and Servant, 558; *Hayden* v. *Smithville*, 29 Conn. 558.) The plaintiff was aware of the particular risk, and accepted it, and cannot complain. (*Sullivan* v. *India 'M. Co.* 113 Mass. 398–9; *Coombs* v. *N. Bedf. C. Co.* 102 id. 572; *Smith* v. *First Nat. Bank*, 99 id. 605; *Priestley* v. *Fowler*, 3 Mees. & W. 1–7; Wharton on Neg. §§ 200, 214; *Owen* v. *N. Y. C. R. R. Co.* 1 Lans. 110; *Faulkner* v. *Erie R. E.* 49 Barb. 324; *Sherman* v. *R. & S. R. R. Co.* 17 N. Y. 156–7; *McGlynn* v. *Brodie*, 31 Cal. 376; *Farwell* v. *B. & W. R. R. Co.* 4 Met. 57.)

The evidence is insufficient to justify the verdict, and a new trial should have been granted. (*Bagley* v. *Eaton*, 8 Cal. 164; *Potter* v. *Carney*, 8 id. 574; *Minturn* v. *Burr*, 20 id. 48; *Lyle* v. *Rollins*, 25 id. 437; *Iburg* v. *Suanet*, 47 id. 265.)

The preponderance of the evidence is so great as to show injustice, and the verdict should be set aside. (*Townsend M. Co.* v. *Foster*, 51 Barb. 346; *Adsit* v. *Wilson*, 7 How. Pr. 66; *Conrad* v. *Williams*, 6 Hill, 444; *Jackson* v. *Sternbergh*, 1 Caines, 162.

*H. V. Reardon*, for Respondent.

The defendant was guilty of negligence in furnishing the plaintiff a dangerous compound to work with, and dangerous implements with which to use it.

There is no material issue entirely unsupported by evidence, and the verdict will not be disturbed. (*Algier* v. *Steamer Maria*, 14 Cal. 167; *Brown* v. *Smith*, 10 id. 511.) The negligence of the master's agents is his own. (*Flike* v. *Boston A. R. Co.* 53.

N. Y. 553, and numerous other cases cited.)    Counsel here cites very numerous authorities to support the instructions.

MYRICK, J.:

This action was brought to recover damages for personal injuries to plaintiff, caused by the premature explosion of blasting powder, known as Excelsior powder, manufactured by one Haffenager.    Under the pleadings in this case the substantial issues were : .

1.  As to the safety of the Excelsior powder as a blasting powder.

2.  As to whether the defendant exercised due care in supplying a reasonably safe powder, and in permitting the Excelsior powder to be used by its workmen.

3.  Whether the plaintiff knew or ought to have known of the qualities of the powder, and whether he exercised due care in its use.

4.  Whether the defendant provided proper appliances for the use of the powder.

The Court fully and clearly instructed the jury as to the relations existing between plaintiff and defendant as master and employé, the obligations resting upon each toward the other, and as to the care proper to be exercised by each.

Upon the trial, plaintiff asked the witness Price whether Haffenager was a skillful chemist or scientist.    Plaintiff also asked the witness Drisco as to the reputation of Haffenager as a scientist or chemist.    Notwithstanding defendant's objection, the Court permitted the questions to be asked.    There was no error in these rulings, as the defendant had by its answer tendered the issue " that said Haffenager was reputed to be and was an accomplished chemist and scientist."    Plaintiff asked the question, " What was the reputation of Haffenager's powder as a safe or dangerous blasting compound ? "    The witness to whom this question was put, was a quarryman at the Oakland quarry.    It does not appear that the reputation referred to by the inquiries to him ever came to the knowledge of defendant or its officers or agents; nor that it existed in any place where it would be the duty of defendant to have made inquiries; nor

did plaintiff offer to place that reputation in any locality; the witness may have known the reputation of the powder at Oakland, or in some foreign country. The *reputation* of the powder was not directly in issue. *Its safety* was the point in issue. Its reputation was material only in the light of showing whether defendant used proper care in ascertaining its safety. The admission of the answer to this question was error.

The defendant's witness, Polglase, testified that he was a practical miner, not a scientist or chemist; did not know what ingredients composed the Excelsior, black, or Giant powder; had used blasting powders twenty-two years; had used about six hundred pounds of Excelsior powder in six hundred to a thousand blasts in the defendant's mine before the injury to plaintiff, and that no injury of any kind had occurred. He was then asked by defendant, "In the light of your experience, what do you say as to the safety of the Excelsior powder for blasting purposes?" Plaintiff's objection to this question was sustained. Under § 1870, subd. 9, Code of Civil Procedure, defendant was entitled to the opinion of the witness, otherwise no miner, nor any person not a professional scientist or chemist, no matter what experience he may have had, can give his opinion. Usually, the question whether a person be an expert is for the trial court to determine definitely, and the ruling will not be reviewed; but in this case we think the defendant was entitled to the opinion of the witness, based as it was upon his own experience. (*Estate of Toomes*, 54 Cal. 509, and authorities there cited; *Blood* v. *Light*, 31 Cal. 115.)

We think that all the instructions given, and all the rulings upon instructions, were correct, with one exception, viz:

"*Ninth.*—That there is another qualification or exception to the risk which the servant assumes, and that is, he assumes no risk, except such as existed at the beginning of the employment, and such as are incident to the business."

This instruction was given at the request of plaintiff. As we understand the instruction, it is, that the employé assumes such risks, and such risks only, (not incident to the business) as existed at the beginning of the employment; and if there be a risk which did not exist until after the beginning of the employment, but commenced to exist during the course of the employ-

ment, the employé had no risk regarding the same. We do not think that this instruction states the correct rule. It should have added to it words equivalent to these: " or which existed during the course of the employment, of which the employé had knowledge or was bound to have knowledge." If an appliance be introduced after the commencement of the employment, from the use of which follows a risk which the employé knows or ought to know—that is, if the risk or danger be known to him or be patent and obvious—he assumes the risk by continuing in the employment.

G. D. Buckley, Esq., attorney for respondent, makes the point, " There can be no valid appeal from the decision of the Court denying the defendant's motion for a new trial, for the reason that no notice of motion to that effect was served upon the plaintiff's attorney of record." The history of the case relating to attorneys for plaintiff is as follows: The complaint is signed " G. D. Buckley, plaintiff's attorney." The order of court, rendering judgment, recites that the cause came on for trial; "the said parties appeared by their attorneys; G. D. Buckley and H. V. Reardan appeared as counsel for the plaintiff," etc. Service of defendant's motion for a new trial was accepted by " H. V. Reardan, one of the attorneys for plaintiff." Service of the notice of appeal was admitted by " G. D. Buckley and H. V. Reardan, plaintiff's attorneys." Service of the transcript was admitted by " G. D. Buckley and H. V. Reardan, attorneys for plaintiff and respondent." The transcript is indorsed, " G. D. Buckley, Esq., H. V. Reardan, Esq.; attorneys for respondent." Three briefs have been filed on behalf of respondent, one signed " Buckley & Reardan, attorneys for respondent," one " H. V. Reardan, attorney for respondent," indorsed " G. D. Buckley, Esq., H. V. Reardan, attorneys for respondent "; the other, in which the point is made, is signed " G. D. Buckley, attorney for respondent." On the argument, both gentlemen appeared and took part.

From this history it seems to us that Mr. Buckley has recognized Mr. Reardan as his associate in the case sufficiently to estop him and his client from now saying that Mr. Reardan was not, at the service of notice of motion for a new trial, one of the attorneys for plaintiff, and as such entitled to receive the

service.   Mr. Buckley's acts constitute a waiver.   Any other view would be as unjust to Mr. Reardan as to the defendant.

Judgment and order reversed, and cause remanded for a new trial.

Thornton, J., concurred.

Sharpstein, J., concurring:

I concur in the reversal of the judgment and order denying defendant's motion for a new trial.   As to the point that the notice of motion for a new trial was not served on the plaintiff's attorney of record, I think that it should be disregarded, on the ground that the objection comes too late.