## VAN DEUSEN AND VAN DEUSEN v. VAN SLYCK AND WIFE.

IN ERROR to the court of common pleas of the county of *Montgomery.*

This was an action of trespass for an assault and battery, brought by the defendants in error against the plaintiffs in error, to which the defendants pleaded the general issue jointly, and the cause was tried at the *June* term, 1817, of the court below. At the trial, after the plaintiffs below had gone through with their evidence, the counsel for the defendants applied to the court for the discharge of *John G. Van Deusen,* one of the defendants, on the ground that there was no proof against him, in order to give the other defendant the benefit of his testimony. The counsel for the plaintiffs objected to his discharge, that both defendants had joined in pleading the general issue ; and the court, for this reason, decided that they could not discharge this defendant, although they were of opinion that there was no testimony against him, on which the jury could find him guilty. The defendants excepted to the opinion of the court, and a verdict having been found for the plaintiffs below, the bill of exceptions was removed into this court, by writ of error.

*In actions for* torts *against several defendants, who join in pleading the general issue, if there is no evidence against one of the defendants, the court ought to discharge him on the trial, that his co-defendants may have the benefit of his testimony.*

*Conklin,* for the plaintiffs in error. He cited *Buller's N. P.* 285. *Phil. L. of Ev.* 61. *Brown and others* v. *Howard,* 14 *Johns. Rep.* 119. 1 *Saund.* 207. n. 2.

*Cady*, contra.

HOAR
v.
CLUTE.     *Per Curiam.* This case comes before the court on a writ of error to the common pleas of *Montgomery* county. It was an action of assault and battery ; and upon the trial no evidence having been given against the defendant, *John G. Van Deusen*, application was made to the court for his discharge, that he might be examined as a witness for the other defendant. The court admitted that there was no testimony against him upon which he could be found guilty, but decided that they could not discharge him, because both defendants had joined in one plea. In this they erred. In actions for torts against several, although they join in the plea of not guilty, one may be found guilty and the other not guilty. The rule has been long and well settled, in such actions, that where there is no evidence against one of the defendants, he is entitled to his discharge, and may be examined as a witness for the other defendants. If this were not allowed, great injustice might be done by including witnesses in the suit, for the express purpose of shutting out their testimony. (2 *Esp. Dig.* 364.   *Phil. Ev.* 61.   6 *Bin.* 316.   14 *Johns. Rep.* 122.)   The judgment must, accordingly, be reversed.

Judgment reversed.