## HILL v. ROGERS.

Where in an action of trespass for an assault and battery against a father and son, the plaintiff dismissed his suit as against the son; and on the trial, the father offered the son as a witness, who, being objected to, was held not to be a competent witness, on the ground of being a party to the record, and interested in the result of the suit; Held, That the plaintiff, by dismissing his suit as to the son, became liable for the costs consequent upon his having been made a party, and the competency of the son as a witness, was as undoubted as if he had never been connected with the record.

In order to justify an assault by the father, in the defence of his son, or the protection of his own property, it is not necessary that such son shall be in real danger of great bodily harm, or that such property be in actual danger of material injury; but if the danger is such as to induce a person, exercising a reasonable and proper judgment, to interfere, in order to prevent the consummation of the injury, it is sufficient.

*Appeal from the Appanoose District Court.*

TRESPASS against defendant and his son, for assault and battery. Justification by father, that the assault was com-mitted in defence of his son and his own property. Before the trial of the cause, the son was released by the plaintiff, and discharged by the court. On the trial, the defendant sought to introduce the son as a witness, but being objected to, he was excluded by the court, and this is now assigned for error.

*Knapp & Caldwell* and *James Baker*, for the appellant.

*Palmer & Trimble*, for the appellee.

WRIGHT, C. J.—This ruling was erroneous. The son was no longer a party to the record, nor in any manner responsi-ble for any judgment plaintiff might recover against the father, or for costs. The plaintiff, by dismissing his suit as to the son, became liable for the costs, consequent upon his having been made a party, and his competency as a witness was as undoubted, as if he had never been connected with the record. Had there been a joint trial, there is no ques-tion but that the son might, on motion, have been released, for the want of evidence to charge him as a trespasser; and that upon such release, he would have been a competent witness. If so, *a fortiori*, he would be competent when he is released on plaintiff's motion, before the commencement of the trial. *Wilmarth* v. *Mountford et al.*, 4 Wash. C. C. 79; *Van Deusen et al.* v. *Van Slyck et ux.*, 15 Johns. 223; *Moon et al.* v. *Eldred*, 3 Hill, 104, and the very full note to this latter case.

The appellee in his argument insists, that the witness was not discharged, but was a party to the record at the time of being offered. We, however, can only be governed by the transcript before us, which sufficiently shows the state of the case, upon which the foregoing conclusion is predicated. If

the record does not disclose the true condition of the case, as it occured at the trial, it is a misfortune which cannot influence our determination.

Several objections have been urged to the instructions given and refused by the court below. The case must, however, be reversed on the above ground, and as it is manifest and admitted in the argument, that a portion of the instructions, from some cause, are not before us, we do not deem it advisable to examine and pass upon those embodied in the record. To do so, without having all the instructions, might in this case, operate unjustly upon the rights of the parties. So far as disclosed, a portion of the instructions, we think, cannot be sustained. Generally, we may say, that in order to justify the father in the defence of his son, or the protection of his property, it is not necessary that such son shall be in real danger of great bodily harm, or such property be in actual danger of material injury, as is assumed in the instructions before us. But if the danger is such as to induce a person exercising a reasonable and proper judgment, to interfere, in order to prevent the consummation of the injury, it is sufficient.

Judgment reversed.