THE STATE OF KANSAS v. WILLIAM VOGAN.

No. 10325.

1. CRIMINAL CASE—*Incompetent Juror—Challenge, Overruled—Error*. Where it appears from the examination of a man called as a juror in a criminal case that he has heard it talked about on several occasions, the first time being by the county attorney in consultation with the county commissioners when the supposed facts were related; at other times heard the case discussed, and told one man what he had heard of the facts, although stating that he had formed no opinion respecting the guilt or innocence of the accused, yet asserting several times that, in order to be acquitted, the defendant must prove himself innocent, and that he had such an abhorrence of the offense charged that it would accord with his feelings to convict, unless the evidence satisfied his mind that the accused was innocent, *held*, that the overruling of the defendant's challenge for cause was error.

2. JUROR—*Retention, not Error*. While it may be the duty of the court to excuse from service on the jury a man "who believes the punishment fixed by the law to be too severe for the offense," even on challenge for cause by the defendant, yet his retention on the jury would not be such prejudicial error as to require the reversal of a judgment against the defendant.

3. —————— *Record Criticised*. The record in this case adversely criticised.

*Appeal from Ness District Court.*

AT May term, 1895, of the district court of Ness county the defendant was convicted of the crime of rape upon the person of Matilda Hirschler, a female under the age of 18 years, and he was sentenced to the penitentiary for a term of five years. E. H. Ebert, being called as a juror, was examined on his *voir dire*, and stated, among other things, that he had heard the case talked about on several occasions, the first time being by the county attorney in consultation with the county commissioners when the supposed facts were related; at other times he heard the case discussed, and he told one man what he had heard of the facts. Although he said he had formed

no opinion respecting the guilt or innocence of the accused, yet he asserted several times, upon much questioning, that, in order to be acquitted, the defendant must prove himself innocent, and that he had such an abhorrence of the offense charged that it would accord with his feelings to convict unless the evidence satisfied his mind that the accused was innocent. C. H. Monroe, another of the panel, stated on his *voir dire* that he believed the punishment fixed by law to be too severe for this offense. The defendant's challenge for cause as to each of these jurors was overruled, subject to his exception. E. H. Ebert was challenged peremptorily, but C. H. Monroe served on the jury, and the defendant exhausted all his peremptory challenges.

*W. F. Hague,* and *H. Fierce,* for appellant.

*F. B. Dawes,* attorney general, and *N. H. Stidger,* county attorney, for The State.

The opinion of the court was delivered by

MARTIN, C. J.: I. We are of opinion that E. H. Ebert was not competent as a juror. He had heard the county attorney and several other persons discuss the supposed facts, and had related them himself. He entertained very erroneous and deep-seated views respecting his duties as juror in the case, and these were probably strengthened by the overruling of the defendant's challenge for cause. The constitution guarantees to every person charged with crime a trial by an "impartial jury," and, as the defendant exhausted all his peremptory challenges, the error of the court in overruling the challenge of Mr. Ebert for cause must be held material, although he was afterward excused on the peremptory challenge of the de-

fendant. (*The State v. Brown*, 15 Kan. 400 ; *The State v. Miller*, 29 id. 43, 47 ; *The State v. Beatty*, 45 id. 492, 499.)

II. As it is enacted by section 201 of the code of criminal procedure that "no person who believes the punishment fixed by the law to be too severe for the offense . . . shall be sworn as a juror," perhaps Mr. Monroe ought to have ·been excused, notwithstanding the challenge for cause was interposed by the defendant. The statute was, doubtless, intended for the protection of the state as represented in the prosecution, and to relieve men called as jurors from the onerous and distasteful duty of participating in a trial which may result in a punishment of the accused which, in the opinion of the juror, is excessive, and out of proportion to the offense. But it is difficult to see how a defendant could be prejudicially affected by the retention of such a man on the jury, or why a judgment of conviction should be reversed on that account.

The instructions of the court were sufficiently favorable to the defendant, and there was no error in refusing the three asked by him, the points therein, so far as correct, being fully covered by the instructions given. It was not a proper case for an instruction as to an attempt to commit the offense, for, under the evidence, the defendant was guilty of the completed crime, or not guilty at all. The case is quite distinguishable in this respect from *The State v. Grubb*, 55 Kan. 678.

III. The record in this case is justly subject to all the adverse criticism devoted to that in *The State v. Lewallen*, 55 Kan. 690, and more. In addition to the faults of that document, this embraces 86 typewritten pages of the examination of all the jurors on their

*voir dire*, although exceptions were taken to two only, and their whole examination occupies but 10 pages. These, with a statement that the defendant exhausted all his six peremptory challenges, ought to have been set forth in a bill of exceptions, and made part of the record.

Because of the improper overruling of the defendant's challenge of Mr. Ebert for cause, the judgment is reversed, and the case remanded for a new trial.

All the Justices concurring.