EDWARD I. SLOAN *et al.* v. WILLIAM H. PIERCE.

No. 14,615. (85 Pac. 812.)

SYLLABUS BY THE COURT.

DAMAGES—*Assault and Battery—Apparent Danger to Defendant's Father—Finding Construed.* In an action to recover damages for an assault and battery, where the defendant seeks to justify his conduct upon the ground that he had reason to believe and did believe that it was necessary to protect his father from injury, a finding that the danger to his father was not such as to induce a person exercising reasonable and proper judgment to interfere in order to prevent the consummation of such injury is open to a construction that gives the word "danger" the force of "apparent danger"; and *held,* that this is the proper construction of such a finding in the present case.

Error from Atchison district court; BENJAMIN F. HUDSON, judge. Opinion filed June 9, 1906. Affirmed.

*T. A. Moxcey,* and *Waggener, Doster & Orr,* for plaintiffs in error.

*Means & Archer,* for defendant in error.

5—74 KAN.

The opinion of the court was delivered by

MASON, J.: William H. Pierce sued Edward I. Sloan and Henry J. Sloan for damages alleged to have been occasioned by their assaulting and shooting him. The defendants filed answers which besides denying the plaintiff's allegations presented in detail their version of the conflict out of which the litigation grew, which was in effect that Pierce, his wife and son made an unjustifiable attack upon Henry J. Sloan, and that whatever the latter did was in self-defense; that Edward I. Sloan, the son of his codefendant, interfered to protect his father, and that whatever he did was in defense of himself or of his father. Plaintiff recovered a judgment, from which the defendants prosecute error.

Complaint is made that the instructions of the trial court did not sufficiently advise the jury of the nature of the defense relied upon. If error was committed in this regard it was rendered immaterial by the fact that special findings were made which were entirely destructive of the defendants' claims. (*Head v. Dyson,* 31 Kan. 74, 1 Pac. 258; *Mfg. Co. v. Nicholson,* 36 Kan. 383, 13 Pac. 597; *City of Kinsley v. Morse,* 40 Kan. 577, 20 Pac. 217.)

The assignment of error chiefly argued is the refusal of the court to give an instruction reading as follows:

"If you find from the evidence that the defendant Edward Sloan, at the time he shot at said Pierce through the south window of said dwelling-house, said Edward in the exercise of reasonable and proper judgment, in order to prevent the consummation of injury to his said father, believed it was necessary to fire such shot, then said Edward was justified in firing the same, and it was not necessary that his said father should have been in real danger of great bodily harm to justify such shooting; and if the jury believe from the evidence that the danger to said Henry was such as to induce a person, exercising a reasonable and proper judgment, to interfere in order to prevent the consummation of such injury and to shoot at or shoot said

Pierce, your verdict should be for the defendant Edward Sloan."

The answer of defendant Edward I. Sloan showed that his contention was that when he fired the shot referred to he had good reason to believe, and did believe, that such act was necessary for the protection of his father and to prevent his father's being injured by the plaintiff and others.   Upon this branch of the case the jury made the following finding:

"Was the danger to said Henry Sloan at the time said Edward shot through said south window such as to induce a person exercising reasonable and proper judgment to interfere in order to prevent the consummation of such injury?   Ans. No."

If this is in substance a determination by the jury that the situation as it was presented to Edward I. Sloan at the time he fired the shot in question was not such as to warrant him in believing that his interference was necessary to prevent injury to his father, the court's omission to give the instruction requested became entirely immaterial. • A judgment cannot be reversed for the failure of the court to instruct the jury as to the effect of a condition which they find never existed.   But plaintiffs in error maintain that the finding is not open to this construction; that it is not inconsistent with Edward's claim that he acted in the reasonable belief that his succor was necessary to prevent injury to his father, although in fact there was no real danger.   Clearness would have been promoted by the insertion of the word "apparent" before the word "danger," but under the circumstances of this case the meaning must be held to be the same.   The reference in the finding to the exercise of a reasonable and proper judgment plainly has regard to the use of that faculty in deciding the reality of a danger as well as in estimating the severity of its possible consequences. The question submitted to the jury was prepared by the defendants' counsel, and followed literally the language of the rejected instruction.   This language was

manifestly borrowed from that employed at page 1075 in volume 3 of the Cyclopedia of Law and Procedure in discussing, among other things, the right of one whose relative is assailed to act upon appearances. It is there said:

"A person is justified in using sufficient force to protect his wife, children, or other members of his family, though the danger must be such as to induce one exercising a reasonable and proper judgment to interfere to prevent the consummation of the injury."

This text was evidently borrowed in turn from *Hill v. Rogers,* 2 Iowa, 67, where the context shows beyond question that the word "danger" was used with the force of "apparent danger." The second paragraph of the syllabus, substantially following the opinion, reads:

"In order to justify an assault by the father, in the defense of his son, or the protection of his own property, it is not necessary that such son shall be in real danger of great bodily harm, or that such property be in actual danger of material injury; but if the danger is such as to induce a person, exercising a reasonable and proper judgment, to interfere, in order to prevent the consummation of the injury, it is sufficient."

It is thus seen that the language of the finding under consideration has been used by careful writers to express the thought that a person's conduct is to be judged by his situation as it reasonably appears to him. To give it a different meaning here—to interpret it as referring to an actual rather than to an apparent danger—would be to construe it too narrowly.

The court instructed the jury that "if the defendants, or either of them, without provocation, assaulted and beat the plaintiff as charged in the petition," and "such assault was a malicious, wanton and aggravated one," and "justice and the public good require it," they might "give exemplary or punitive damages, not only to compensate the plaintiff, but to punish the defendants and to deter others from the commission of like offenses." This is objected to on the ground that it authorized the assessment of damages against both de-

fendants for the act of but one of them.  We do not think it fairly open to that interpretation.  The evident object of the instruction was to explain the nature and purpose of punitive damages.  The jury were elsewhere correctly told under what circumstances one defendant could be held responsible for a wrong committed by the other, and it does not seem probable that they could have been under any misapprehension on the subject.

Other rulings relating to instructions given and refused are challenged.  They have been examined and are found not to be materially erroneous.  Complaint is also made of the rejection by the court of evidence offered by the defendants to show the circumstances of a previous encounter between Henry J. Sloan and his daughter, who was Pierce's wife.  So far as the questions ruled out indicate the nature of the evidence sought to be elicited by them, the error, if any, seems to have been cured by permitting the substance of it to get before the jury at other times.  No offer of proof was made otherwise than by asking these questions, and it cannot be said that any important right was denied the defendants in this regard.

The judgment is affirmed.

All the Justices concurring.