THE STATE OF KANSAS V. BEEZ MCCORCKLE AND
WILLIAM CUTLER.

No. 14,662.    (86 Pac. 134.)

SYLLABUS BY THE COURT.

CRIMINAL LAW — *Impaneling a Jury — Order of Peremptory
Challenges.*  In the absence of a statute the rule adopted by
the trial court for the exercise of peremptory challenges will
not be disturbed unless there appears to have been a mani-
fest abuse of discretion.

Appeal from Saline district court; ROLLIN R. REES,
judge.  Opinion filed July 6, 1906.  Affirmed.

*C. C. Coleman,* attorney-general, and *C. W. Burch,*
county attorney, for The State.

*Ritchie & Abel,* for appellants.

The opinion of the court was delivered by

GREENE, J.:  The appellants, Beez McCorckle and
William Cutler, were jointly tried and convicted of
violating the prohibitory liquor law.  In this case the
state was entitled to two peremptory challenges and
each of the defendants to four.  The trial court ruled
that in the exercise of peremptory challenges the state
should first challenge one juror, and that each of the
defendants should then peremptorily challenge three
jurors, that the state should then exercise its second
peremptory challenge, and each of the defendants
should then exercise his last peremptory challenge.  It
is contended that this rule was erroneous and preju-
dicial to the appellants.  The contention of the appel-
lants is that each of them was entitled to exercise two
peremptory challenges after the prosecution had ex-
ercised its first, and that it was error for the court to
require each of them to exercise three of his four per-
emptory challenges at that time, thus depriving each
of them of his right to exercise two of such challenges

after the state had exercised its last challenge. Section 271 of the code of civil procedure provides:

"The plaintiff first, and afterward the defendant, shall complete his challenges for cause. They may then in turn, in the same order, have the right to challenge one juror each until each shall have peremptorily challenged three jurors, but no more." (Gen. Stat. 1901, § 4718.)

Section 208 of the code of criminal procedure provides:

"The proceedings prescribed by law in civil cases in respect to the impaneling of jurors, the keeping them together, and the manner of rendering their verdict, shall be had upon trials on indictments and informations for criminal offenses, except in cases otherwise provided by statute." (Gen. Stat. 1901, § 5650.)

The appellants read these two sections together, and argue that they establish the rule that the prosecution should exercise its first peremptory challenge, that the defendants should then each exercise two peremptory challenges, that the state should then be required to exercise its second peremptory challenge, and that each of the defendants should then have his remaining two peremptory challenges; and that the court violated this statutory rule to their prejudice. We do not agree with appellants' contention. This section of the civil code was not intended to furnish a rule for the exercise of peremptory challenges of jurors in the trial of criminal causes. By its provisions the parties to a civil action have only three peremptory challenges each, and they are exercised alternately, the plaintiff exercising the first challenge. Under the criminal code the defendant has double the number of peremptory challenges that is allowed the prosecution. If the civil procedure should be followed, each side challenging alternately one juror, the defendants in this case would have had six challenges left after the state had exhausted its last. Perhaps the more orderly way would have been to have required the state to exercise its

first peremptory challenge and then given each of the defendants two peremptory challenges, and pursued this method to the end. But in the absence of a statutory provision the order of exercising peremptory challenges is largely within the discretion of the trial court, and unless it can be said that it has abused its discretion this court will not disturb its ruling. Each. of the appellants had one peremptory challenge left after the state had exhausted all of its challenges. It does not appear that any objection was made to the jury or to any member of it. No abuse of discretion is shown; therefore, the judgment is affirmed.

All the Justices concurring.          -