THE COFFEYVILLE SHALE BRICK COMPANY v. ELMER SILVERS.

No. 15,866. (100 Pac. 1134.)

PRACTICE, DISTRICT COURT—*New Trial.* In a personal-injury case, where plaintiff's evidence was sufficient to take the case to the jury, it was not error for the trial court to grant a new trial after sustaining a demurrer to plaintiff's evidence.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed March 6, 1909. Affirmed.

*William Warner, O. H. Dean, W. D. McLeod,* and *H. C. Timmonds,* for plaintiff in error.

*Joseph P. Rossiter,* for defendant in error.

*Per Curiam:* Plaintiff, who was asking for damages from the brick company for personal injuries sustained because of its negligence, produced testimony showing

that on the day of the injury he was called from the post of "off-bearer" to run the "cut off" machine; that a belt became entangled on an upper shaft, and to remedy it plaintiff ascended a ladder used in part for that purpose, which was defectively constructed and weak and which gave way under him, causing him to lose his balance and involuntarily throw his hand in contact with the machinery, whereby it was permanently injured. The court sustained a demurrer to plaintiff's evidence, but later granted a motion for a new trial, in which seven grounds were assigned, but the court did not specify the ground upon which the new trial was granted.

There was certainly sufficient evidence to take the case to the jury, and from plaintiff's testimony it can not be said as a matter of law that he was guilty of contributory negligence. There is much discretion in the court in granting a new trial. It may be done when in the opinion of the trial court a party has not had substantial justice. (*City of Sedan v. Church*, 29 Kan. 190.) This court is slow to set aside such a ruling, and in the present case there appears to have been a good reason for the order made.

The judgment is affirmed.