### GEORGE BINGMAN V. C. WALTER.
#### No. 16,132.
#### SYLLABUS BY THE COURT.

MILL-DAM—*Injunction—Petition—Negative Averments.* In an injunction proceeding to abate the raising and maintaining of a mill-dam, the raising and maintaining of which are charged as wrongful acts, it is not necessary, to constitute a sufficient petition, that it be therein charged that the defendant did not obtain the right to flood the plaintiff's land by virtue of proceedings under the mill-dam act. If such right has been so acquired it is a matter of defense.

Error from Pottawatomie district court; ROBERT C. HEIZER, judge. Opinion filed July 3, 1909. Affirmed.

#### STATEMENT.

WALTER brought this suit against Bingman. The petition alleges that the defendant has for several years owned and maintained a mill-dam on and across Rock creek, below the junction of Rock creek and Elm slough,

that Elm slough is a tributary which runs through the plaintiff's land into Rock creek above the dam, and continues:

"For several years past the defendant has owned and maintained a mill-dam upon and across the said Rock creek, at a point about a mile below, and down the stream from, the junction of Elm slough and Rock creek aforesaid. At all times prior to the wrongful acts of defendant hereinafter complained of, excepting occasional periods of dry weather, the backwater from the said mill-dam extended up the said Rock creek and the said Elm slough to and beyond the plaintiff's premises; on account of which the plaintiff, some years ago, constructed of stone and other material, and has ever since maintained on his said premises, a crossing or roadway over the said Elm slough, to enable him to cross the said stream with teams, wagons and farm implements, and to afford a way and place by which his stock could pass back and forth and could get to water, at any season of the year, without getting onto the ice or getting into or going through the mud and mire and marshy ground in and along the said stream, all of which purposes were served by the said crossing or roadway.

"In about the month of July, 1907, without the knowledge, authority or consent of the plaintiff, the defendant increased the height of the said mill-dam two feet or more by placing on and across the same heavy courses of rock and other material, which causes and will continue to cause the backwater from the said dam to rise and remain at least two feet higher on the plaintiff's said premises than it did before the height of the said dam was so increased, the plaintiff's said premises to be overflowed and rendered swampy and worthless, his growing timber and crops along the said streams to be injured and destroyed, his said crossing or roadway to be submerged and rendered wholly useless for the purposes of its construction, as hereinbefore set forth, and the water in the said streams, having no current, to freeze in winter, thereby requiring the plaintiff to cut the ice in order to provide water for his stock, all of which is and will be to the plaintiff's irreparable loss and damage, for which he has and will have no adequate remedy at law.

"By reason of the facts hereinbefore alleged the said

mill-dam, with its height increased as aforesaid, is a private nuisance. The defendant still maintains it and will continue so to do, if not prevented by a judgment of this court."

The prayer for relief was that the defendant be ordered to reduce the mill-dam to its former height, and be perpetually enjoined from maintaining it at a greater height.

To the petition the defendant filed a general demurrer, which the court overruled. The defendant elected to stand on his demurrer, and judgment was rendered for the plaintiff as prayed for.

*W. F. Challis,* and *E. C. Brookens,* for the plaintiff in error.

*B. H. Tracy,* for the defendant in error.

The opinion of the court was delivered by

SMITH, J.: It will be observed that the petition alleges that "at all times prior to the wrongful acts of defendant hereinafter complained of" a certain condition of the stream existed on the plaintiff's land, which he had obviated or remedied by building and maintaining a crossing or roadway across Elm slough. It is also apparent, although the allegations are somewhat disconnected, that the wrongful acts complained of relate to the raising and maintaining the height of the dam, which caused the alleged injuries.

It is contended by the defendant that to constitute a cause of action the petition must show that the defendant had not lawfully acquired the right to raise the height of his dam. This identical question was presented in *Akin v. Davis,* 11 Kan. 580. In the opinion Mr. Justice Valentine said:

"It is also claimed that said petition does not state facts sufficient to constitute a cause of action, because it does not state that the defendants did not obtain the right to flood the plaintiff's land by virtue of proceedings under the mill-dam act. (Gen. Stat. 576, ch. 66.)

It is not necessary that any such statement should be inserted in the petition. If it is true that the defendants have obtained any such right by virtue of proceedings under the mill-dam act, it is for them to plead it and prove it." (Page 588.)

The specific acts which resulted in the continuing trespass or nuisance were pleaded, and if it was necessary to characterize the acts as unlawful it was done as above indicated. In *Rhea v. Williams, post,* it is said that the words "wrongful" and "unlawful" have the same significance.

It is further contended that the court erred in the judgment rendered in that the injunction was mandatory to reduce the dam to its former height and perpetual against erecting or maintaining it at a greater height than that at which it formerly had been maintained. It is said that the perpetual injunction debars the defendant from proceeding according to law to obtain the right to raise the height of the dam, and to pursue such authority, when so obtained. We do not understand the judgment to have this effect.

The judgment of the court is affirmed.