THE PUTNAM INVESTMENT COMPANY, *Appellant,* v. H. C. KING, *Appellee.*

No. 16,416.

AGENT'S COMMISSION—*Demurrer to the Evidence.* The evidence examined and held sufficient to make a *prima facie* case in favor of the plaintiff in an action to recover a real-estate broker's commission.

Appeal from Pottawatomie district court; ROBERT C. HEIZER, judge. Opinion filed March 12, 1910. Reversed.

*C. W. Burch,* and *B. I. Litowich,* for the appellant.
*W. F. Challis,* and *E. C. Brookens,* for the appellee.

*Per Curiam:* The Putnam Investment Company, a corporation engaged in the real-estate brokerage business, sued H. C. King for a commission. A demurrer to its evidence was sustained, and it appeals.

Evidence was introduced tending to show these facts: King owned 2720 acres of land, which he used in connection with a quarter section of government land, on which his son had a filing. He "listed" the land for sale with the company, agreeing to allow as a commission all the 2720 acres brought over $8000, and to deliver possession of the extra quarter section, with whatever interest he might have therein. The company found a buyer who was able and willing to take the property at $10,080. It undertook to enter into a written contract with him for a sale at that price. This contract was void because beyond the agent's authority, but the buyer, on learning that fact, expressed his willingness to take the property on the terms proposed by the owner. The agent communicated the offer to the owner in writing, describing the property as the 2880-acre ranch. The owner replied professing not to know what land was meant. The agent wrote describing it in full, and explaining that

the variance in acreage was due to the inclusion of the quarter section of government land, of which a slightly erroneous description was given. The owner responded to the effect ·that, having been misled by the reference to a 2880-acre tract, he had given an option on the property, which had since expired; that he was still willing to sell, but would not pay the taxes of the current year, which had then accrued. Shortly afterward he dropped the negotiations and never offered to make a conveyance.

Evidence that had been given of the conversation between the representatives of the company and the buyer, leading up to the signing of the contract between them, was stricken out on the ground that the writing alone must determine the condition of the negotiations at that time. The written agreement was abandoned on both sides and a final understanding was reached later. Any evidence was pertinent that tended to show what this was.

The defendant makes five contentions in support of the ruling on the demurrer, which will be stated and discussed in order.

(1) The written contract between the company and the buyer was void under the statute of frauds. This is true, but not important, because the contract was not relied upon in any way by the plaintiff.

(2) This written contract was the best evidence of the agreement made between the company and the buyer, and showed that the agent had attempted to impose unwarranted conditions on the owner. The answer to this is that after the written contract had been wholly abandoned a new understanding was reached, under which all the objectionable requirements were withdrawn.

(3) The verbal agreement between the plaintiff and the defendant set out in the petition was a mere conversation, and was superseded by letters, which constituted the real contract. The conversation, however,

resulted in a valid contract, which the letters merely confirmed.

(4) The defendant had otherwise disposed of the land before the sale was negotiated by the plaintiff. He did testify to this effect, although he seems to have modified his statement when his attention was called to its apparent inconsistency with his letters. But however positive his testimony may have been in this regard, it could not be conclusive upon the plaintiff. Its credibility, as well as its interpretation, was a matter for the consideration of the jury.

(5) The sale negotiated by the plaintiff was not in accordance with the terms proposed by the owner, in that it included the tract of government land to which he had no title. The evidence was explicit that the buyer did not demand or expect a conveyance of this quarter, unless the defendant owned it.

The judgment is reversed and the cause remanded for further proceedings.