JOHN H. BAUGH, *Appellant*, V. I. FIST, *Appellee.*

No. 17,044.

SYLLABUS BY THE COURT.

1. ACCORD AND SATISFACTION—*Requisites—Consideration.* Accord and satisfaction can arise only upon a claim concerning which there is a *bona fide* dispute, as a dispute *mala fide* would furnish no consideration.

2. INSTRUCTIONS—*Error Cured by Other Instructions.* The expression "the claim in dispute," taken in connection with other clear and proper instructions, does not, when used by the court in óne instruction, amount to a charge that the claim in litigation is actually in dispute, and thereby to an invasion of the province of the jury.

3. ——— *One Requested Given in Substance.* It is not error to refuse instructions which are fairly covered by those given.

Appeal from Jackson district court. Opinion filed May 6, 1911. Affirmed.

*John D. Myers,* for the appellant.

*Guy L. Hursh, E. D. Woodburn, F. T. Woodburn,* and *A. E. Crane,* for the appellee.

The opinion of the court was delivered by

WEST, J.: Baugh bought of Fist a quarter section of land in Morton county for $800. He paid $200 down, and gave six notes for $100 each. Later he bought of Fist a quarter section in Rooks county for $5000, turning in the Morton county land at $1400. The deed was made to one John Q. Myers and Baugh assumed a 1900-dollar mortgage, leaving a balance of $3100 for which he executed a mortgage to Myers. Baugh claims Fist returned his six notes of $100 each and was to have credited him with $800 on this mortgage to make up the balance of the $1400 for the Morton county land; that while he was to have $1400 for the latter, the deed, at the suggestion of Fist, recited but $1000; that Fist made repeated promises to have the credit made, and

Baugh v. Fist.

stated that it had been made, but that later, when Baugh had negotiated a sale of the land he found the credit had not been made; and that Fist denied all obligation thereon. It being necessary to have a settlement with Fist and Myers there was a meeting at the latter's bank where Fist denied owing anything whatever, but after making numerous offers, finally agreed to give credit for $450 to save litigation. Fist denies that he agreed to pay or credit the $800 on the Myers mortgage. A witness, Abele, testified that at the bank interview Fist persisted that he did not owe anything, but finally paid $450 to save litigation, and that "the other fellow accepted it and said he would settle the balance." Myers testified that:

"They had some conversation in regard to a payment of a mortgage I held against the farm Baugh owned of $2900, I think $3100 interest and all, and Baugh claimed he should pay so much and Fist should pay $600, I think. Fist said he was not to pay $600 and interest. He said he owed him nothing. Finally an agreement was made. Baugh said he was to pay the amount of the mortgage less $600 and the interest and that was for Fist to pay. Fist claimed that was not true, that it was not for him to pay any part of it. I did not know anything about the matter. I don't remember who made the proposition about how they would settle but it was made between them. Either by Fist or by Baugh, I think possibly by Fist, that he would pay $450 and Baugh should pay $250, or something near that. Fist said it was not right for him to pay it, that was the subject of controversy, the difference between them was $600 and interest. I think it was talked over between both of them that Fist would pay $450 to avoid litigation and trouble. After talking the matter over Fist settled that amount $450, approximately that amount, and Baugh the other $250. So far as I knew that ended the matter. They settled up with me and left.

"Ques. What did Fist say or Baugh say with reference to that? Ans. Why he said this now settles these whole matters except Baugh you remember about that other matter, I think it was $16. A matter outside of the transaction and Baugh said that was all right."

Abele testified that:

"The conversation seemed to be that Baugh claimed that Fist owed him $600, it seemed to be that, then Fist and I was on a note and Baugh wanted Fist to pay that note and Fist said he did not owe the note. Fist said he would pay, I believe the first time, $300, but finally agreed to pay $450. . . . He agreed if Fist would pay the $450 he would fix the balance of it. There was not anything said about settlement in full that I know of. When Fist paid the $450 he said he would rather pay $450 than to have a lawsuit but he did not owe a dollar. Baugh said he would settle the balance of the note I and Fist were on. I think Fist said he would pay $450 and no more. Baugh accepted the proposition that way.

"Ques. Well, just state what he said. Ans. He just accepted the proposition that way.

"Q. State what he said. A. That he would pay the remainder of that note of $225.52. Baugh gave his note and I signed it."

Abele also testified that afterward he saw Fist, who wanted him to testify that he settled in full with Baugh, and that the witness replied that he did not understand it that way; he also testified that Baugh claimed at the bank that Fist owed him $600 but did not claim that he owed him $800. "Fist finally said, 'I will pay $450 rather than have a lawsuit, but I don't owe him a cent.' The other fellow accepted it and said he would settle the balance." Fist testified that Baugh claimed that Fist owed him $600, that finally he (Fist) agreed to give his note to Myers for $450, which he did, and Myers gave Baugh credit for that amount.

This action was brought to recover the balance of the $800 claimed by Baugh to be due. The jury found that Baugh did not (at the interview) claim that Fist owed him $600; that Fist denied owing anything, but offered to pay $450 to avoid litigation, including the proposition that Baugh should pay the balance of a 625-dollar note with interest; and that Baugh accepted this proposition and paid the balance of the note.

It is urged by the plaintiff that the so-called accord

and satisfaction claimed by Fist was not shown by the evidence; that the dispute on Fist's part was not *bona fide* but merely a subterfuge, and that the court erred in certain instructions given and in certain instructions refused. It is quite clear from the evidence quoted that the claim of accord and satisfaction was supported by the evidence, and while, no doubt, a dispute on which to base such claim should be *bona fide,* otherwise there would be no consideration .(*Fire Insurance Association v. Wickham,* 141 U. S. 564, 579; 8 Cyc. 507-509; 1 Enc. L. & P. 637), we are unable to find that it was *mala fide* here. It is not clear, indeed, why the 800-dollar claim, the 600-dollar claim, and a note for $625, should have been so confused and commingled, and the evidence is none too satisfactory why the deed from Baugh to Fist recited $1000 instead of $1400. While it is claimed that this was at Fist's suggestion to help him in the matter of taxation, it is significant that no one but the plaintiff testified of his claiming a balance of $800 at the bank, all the other witnesses understanding him to have claimed $600. At least it is not strange that a *bona fide* dispute should arise as the result of so much loose dealing.

In the seventh instruction the court used the words "an accord and satisfaction of the claim in dispute," and this is said to mean that the court assumed and instructed that the claim was disputed—the very fact in issue. But taken in connection with the other instructions we do not believe this language was so intended, or so understood by the jury.

The court refused to instruct that there could be no consideration for a compromise unless there was a dispute over the amount of the claim, and therefore any payment made by Fist would not bar the plaintiff from recovering the sum still due, if any; also refused to instruct that if the payment was accompanied with no conditions it would not constitute an accord and satisfaction, or a bar from recovering the balance.

The court instructed as follows:

"If you find, therefore, from the evidence that defendant offered plaintiff $450 in satisfaction of a disputed claim arising out of transactions relative to the sale of lands in Morton and Rooks counties, Kansas, and that the offer of money was accompanied with such acts and declarations as amount to a condition that if the money is accepted it is to be in satisfaction and such that the plaintiff is bound to understand if he takes it, he takes it subject to such conditions, then your verdict should be for the defendant.

"But if you find from the evidence that the payment of $450 was not offered in satisfaction of such disputed claim and not accompanied with such acts and declarations as amount to a condition that if the money is accepted it is to be in satisfaction and such that the plaintiff is not bound to understand that if he takes it, he takes it subject to such conditions, then I instruct you that such does not constitute an accord and satisfaction and the plaintiff would not be thereby barred from recovering the amount you may find due the plaintiff, if any amount you find is due."

We think this sufficiently and fairly stated the law applicable to the issues involved. (*Harrison v. Henderson,* 67 Kan. 194; *Neely v. Thompson,* 68 Kan. 193; *Matheney v. El Dorado,* 82 Kan. 720.)

After the jury had been out some time they requested a copy of the testimony of Baugh and the three witnesses as to what was said and done at the bank at the time of the interview. This was furnished. Baugh's counsel requested the court to send also the testimony of Abele concerning his conversation with Fist afterward. The jury had not requested this portion of the testimony and the court committed no material error in refusing to send it at the suggestion of one of the parties.

The judgment is affirmed.