H. CRONK, *Appellee,* v. R. E. FRAZIER, *doing business
under the name and style of the Frazier Stone Com-
pany, Appellant.*

No. 17,542.

HEADNOTE BY THE REPORTER.

NEW TRIAL—*Judicial Discretion.* An order granting a new
trial will not be reversed unless it appears beyond reasonable
doubt that such order was made because the trial court mani-
festly and. materially erred with respect to an unmixed ques-
tion of law.

Appeal from Butler district court. Opinion filed
April 6, 1912. Affirmed. .

*William Warner, O. H. Dean, W. D. McLeod, H. C.
Timmonds, H. M. Langworthy,* and *H. C. Stratford,*
for the appellant.

*H. W. Schumacher,* for the appellee.

*Per Curiam:* In an action to recover damages for
personal injuries sustained by appellee while he was
engaged in blasting rock in appellant's quarry the
jury returned a verdict in favor of appellant. A motion
alleging thirteen grounds for a new trial was filed. A
new trial was allowed but the ground of its allowance
was not stated. From that decision the appeal is taken.

In view of the discretion vested in the trial court in
the granting of new trials it is not easy to obtain a
reversal of such an order, especially where a particular
reason for its allowance is not known. If the trial
court was not satisfied that the evidence sustained the
verdict, or that the trial was fair, or that substantial
justice had been obtained by the applicant, the court
was warranted in granting a new trial. Such an order
can not be reversed here unless it can be seen "beyond
all reasonable doubt that the trial court has manifestly
and materially erred with respect to some pure, simple

and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made." (*City of Sedan v. Church*, 29 Kan. 190, syl. ¶ 3.) The court may not have been satisfied that substantial justice was done by the jury in measuring the evidence as to the appellant's duty in the premises. It can not be said as a matter of law that a recovery by appellee can not be had.

In addition, there was the exclusion of testimony offered by appellee that appellant, who, it was claimed, had not furnished proper tamping rods, did supply and send out different ones shortly after the accident. This testimony, although not of great importance, could be considered by the jury for what it was worth. Governed by the rules which apply where a new trial is granted on grounds not specified it can not be held that there was error in granting a new trial in this case.

The judgment is affirmed.