Z. P. MURRAY, *Appellee,* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

No. 18,078.

### HEADNOTE BY THE REPORTER.

APPEAL—*Order for New Trial—When Not Reviewable—Error.* Where a motion for a new trial is granted the order will not be reversed unless this court can say that it was necessarily error to have sustained the motion on any ground presented therein.

Appeal from Montgomery district court. Opinion filed July 6, 1912. Affirmed.

*C. E. Benton,* and *W. P. Dillard,* both of Fort Scott, for the appellant; *S. H. Piper,* of Independence, of counsel.

*Charles D. Welch,* of Coffeyville, for the appellee.

*Per Curiam:* Z. P. Murray sued the Missouri Pacific Railway Company to recover damages for personal injuries. His petition alleged that he signalled an approaching passenger train to stop at a station, by standing upon the track and swinging a lantern; that the train did not stop, and as he stepped from the track his foot struck a piece of coal lying upon the platform, causing him to lose his balance and to be struck by the engine. The jury returned a verdict for the defendant.

The court granted a new trial and the defendant appeals.

The motion for a new trial included various grounds, one of them being that the verdict was contrary to the evidence. The record does not show upon what ground the court sustained the motion. Therefore a reversal can not be ordered unless this court can say that it was necessarily error to have sustained the motion on any ground presented. An issue of fact was involved, and for anything shown to the contrary the trial court may have believed the verdict unjust because of impressions derived from the appearance of witnesses. We can not say that the evidence compelled a verdict for the defendant as a matter of law, irrespective of the credit to be given the testimony, and the judgment is therefore affirmed. "Unless the supreme court can see, beyond all reasonable doubt, that the trial court has manifestly and materially erred with reference to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made, the supreme court will not reverse the order of the trial court granting the new trial." (*City of Sedan v. Church,* 29 Kan. 190, 192.) "It has been the unvarying decision of this court to permit no verdict to stand unless both the jury and the court trying the cause could, within the rules prescribed, approve the same." (*K. C. W. & N. Rld. Co. v. Ryan,* 49 Kan. 1, 12, 30 Pac. 108.)

The judgment is affirmed.