THE PUTNAM INVESTMENT COMPANY, *Appellant*, v. H. C. KING, *Appellee*.

No. 17,800.

HEADNOTE BY THE REPORTER.

NEW TRIAL—*Appeal—When Not Reversible Error.* An order for a new trial will not be reversed unless this court can say that it was necessarily error to have sustained the motion on any ground stated therein.

Appeal from Pottawatomie district court. Opinion filed October 12, 1912. Affirmed.

*C. W. Burch, B. I. Litowich,* and *B. A. Mason,* all of Salina, for the appellant.

*W. F. Challis,* and *E. C. Brookens,* both of Westmoreland, for the appellee.

*Per Curiam:* At a former trial of this case a demurrer to the plaintiff's evidence was sustained. This ruling was reversed on appeal. (*Putnam v. King,* 82 Kan. 216, 107 Pac. 559.) At a later trial the jury returned a verdict for the plaintiff. A new trial was granted, and the plaintiff again appeals. The motion for a new trial included several grounds, among them that the verdict was not sustained by sufficient evidence. The plaintiff had the burden of proof. The evidence presented a question of fact that required submission to a jury. The verdict could not become the basis of a judgment without the approval of the trial court. As has been said in other cases:

"The record does not show upon what ground the

court sustained the motion.   Therefore a reversal can not be ordered unless this court can say that it was necessarily error to have sustained the motion on any ground presented.   An issue of fact was involved, and for anything shown to the contrary the trial court may have believed the verdict unjust because of impressions . derived from the appearance of witnesses.   We can not say that the evidence compelled a verdict for the defendant as a matter of law, irrespective of the credit to be given the testimony, and the judgment is therefore affirmed." (*Murray v. Railway Co.*, ante, pp. 750, 751, 125 Pac. 45.)

"In view of the discretion vested in the trial court in the granting of new trials it is not easy to obtain a reversal of such an order, especially where a particular reason for its allowance is not known.   If the trial court was not satisfied that the evidence sustained the verdict, or that the trial was fair, or that substantial justice had been obtained by the applicant, the court was warranted in granting a new trial." (*Cronk v. Frazier,* 86 Kan. 879, 122 Pac. 893.)

The judgment is affirmed.

Burch, J., not sitting.