THE STATE OF KANSAS, *Appellee*, v. LOUIS A. SWARTZ, *Appellant.*

No. 17,972.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Jurors—Order of Challenge—Judicial Discretion.* Where a defendant in a criminal action is allowed a full opportunity to examine and challenge for cause every juror called into the box the allowance of a challenge by the county attorney of three jurors at one time is not prejudicially erroneous.

2. —————— *Examination of Jurors.* Where in an examination of a juror concerning his competency an objection to a question is sustained, but the next question, answered without objection, elicits the information sought by the first one, the ruling is without prejudice.

3. —————— *Instructions — Reasonable Doubt.* Where sufficient instructions concerning reasonable doubt are given the refusal of other instructions purporting to further define that term is not erroneous.

4. —————— *Instructions—Transaction Relied Upon for Conviction.* An instruction that the state relies for conviction upon a certain specified transaction as testified to by the prosecuting witness, is not open to the objection that it assumes that the transaction so testified to has in fact occurred.

5. —————— *Evidence—Rebuttal—Self-contradiction by Witness.* Where a witness testifies to the time and circumstances of

the defendant's appearance at a certain place, in support of the claim that he was not present when and where the alleged offense was committed, evidence that the witness had previously stated that he was asleep at the time referred to in his testimony is admissible after his attention has been properly directed to such previous statement upon cross-examination.

Appeal from Nemaha district court. Opinion filed October 12, 1912. Affirmed.

*W. W. Redmond,* of Marysville, *Wells & Wells,* of Seneca, *Gregg & Gregg,* of Frankfort, and *Crane & Woodburn Bros.,* of Holton, for the appellant.

*John S. Dawson,* attorney-general, *C. H. Herold,* county attorney, *R. M. Emery,* and *R. M. Emery, jr.,* both of Seneca, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an appeal from a conviction for statutory rape upon one of sixteen counts of the information.

Errors are assigned upon rulings made in impaneling the jury, in the admission of testimony, and in the instructions.

A juror was asked the following question by the appellant's attorney:

"Q. The penalty for these crimes charged in this information, if the defendant was convicted of all of the crimes charged, would be from 80 to 336 years in the penitentiary; do you think that too severe?"

An objection was sustained, whereupon another question was asked and answered without objection, as follows:

"Q. From five to twenty-one years on each count, would you think that is too severe? A. No, sir."

The last question having been answered the ruling upon the first one became immaterial. Even if the juror had answered in the affirmative, his retention

would not have been error prejudicial to the substantial rights of the defendant. (*The State v. Vogan,* 56 Kan. 61, 42 Pac. 352; Crim. Code, § 293.)

After each party had examined the jurors concerning their competency, the court inquired whether the state had any cause of challenge, whereupon the county attorney challenged three jurors for cause at one time. The same procedure was afterwards repeated. It is argued that the challenges should be made separately in the absence of any specific directions in the criminal code. Section 283 of the civil code is cited in support of this contention. If each one of the three jurors had been challenged separately and his seat filled before another challenge was presented, the same result would have been reached. The defendant was allowed the right to examine and challenge the jurors called in place of those excused, and at each change in the panel was asked if he had any challenge to the jurors as the panel then stood.

His rights appear to have been protected and the jury was unobjectionable. (Crim. Code, §§ 206, 208; *The State v. McCorckle,* 74 Kan. 280, 86 Pac. 134.)

Several instructions were requested and refused purporting to define the term reasonable doubt as applied to the particular case. The instructions given on that subject were clear and sufficient. The court did not err in refusing the defendant's request.

In pursuance to an election by the county attorney upon an order made at the request of the defendant, the jury were informed that "The State has elected to rely for a conviction on the act of sexual intercourse between defendant Louis A. Swartz and Marcella Johnson, on the evening of May 31, 1910, or early in the following morning, as testified to by Marcella Johnson." The objection urged to this instruction is that it assumed a disputed fact by stating that the unlawful intercourse charged had in fact occurred. This interpretation does violence to the language used. The

instruction recited the election .and informed the jury that the state relied upon a transaction testified to by the witness but does not assert that such transaction had occurred. The question whether it had in fact taken place was fairly submitted to the jury as a question of .fact upon all the evidence.

A further contention of the appellant is that there was error in permitting evidence of statements previously made by a witness contradictory of his testimony on the trial. The prosecuting witness testified that the defendant left her home about one o'clock on the night in which the criminal act of which he was convicted was committed. To sustain an alibi a witness named Whitte, called by the defendant, testified that he was with the defendant and the prosecuting witness at a party that night, went with them to her home and thence directly to Mr. Swartz's home where he—the witness—was working, and that defendant arrived there soon afterwards, at about 12 o'clock. This evidence was material and tended to show that the defendant was not present at the time and place of the alleged offense. On cross-examination this witness was asked if he had not said to D. L. Johnson, a witness for the state, that he was asleep when Swartz came home on the night of the party. The answer was in the negative. Mr. Johnson was then called in rebuttal, and over the defendant's objection testified that the conversation just referred to occurred and that Whitte told him that he was asleep when Swartz came home that night.

It is urged that evidence of the contradictory statement was improperly admitted because the inquiry on cross-examination related to a collateral matter and the state was concluded by the answer given. The general rule is that a witness can be contradicted only upon some matter material or relevant to an issue in the case. A general test is: "Could the fact, as to which the prior self-contradiction is predicated, have been shown in evidence for any purpose independent of the self-con-

tradiction?"   (*The State v. Sweeney,* 75 Kan. 265, 268, 88 Pac. 1078.)

The fact upon which self-contradiction was predicated is the time of the defendant's arrival home that night.   The testimony of Whitte tended to show that it was before 12 o'clock.   Evidence that the witness was asleep at that time tended to prove that he was not in a condition to perceive or heed the presence of the defendant.   It was therefore proper to show that he was asleep, either by the witness himself on cross-examination or by other competent proof in rebuttal. This appears to be within the rule stated in the Sweeney case, that the contradiction may be shown if the fact upon which it is predicated could have been shown in evidence independent of the self-contradiction.   In discussing this rule, Professor Wigmore says:

"In applying the foregoing test, it is obvious that there are two classes of facts of which evidence would have been admissible independently of the self-contradiction: (1) facts relevant to some issue in the case under the pleadings; (2) facts admissible to discredit the witness as to bias, corruption, or the like."   (2 Wigmore on Evidence, § 1021.)

The author gives a multitude of citations under the first subdivision but declares that most of the rulings are useless as precedents as the facts of each case must determine the admissibility of the evidence.   Here its admissibility seems clear.   The fact that the witness was awake was an implication from his testimony of the time and circumstances of the return of his companion.   A previous statement that he was asleep was therefore a self-contradiction and a matter proper to be shown in rebuttal.

The testimony was admissible also under the second subdivision of the test given by Wigmore, which includes bias, corruption, lack of skill, knowledge, and the like, as stated by that author in the next section of his work. That a person was asleep at the time of a transaction

which he assumes to relate certainly tends to show lack of knowledge, and therefore to discredit his statements. The apparent repugnancy affects the credibility of the witness. When the physical condition of a witness is such as to render him incapable of perceiving, understanding or remembering facts to which he has testified, such condition may be shown to impeach his credibility. It has been held that intoxication may be shown for this purpose. (*Bliss v. Beck*, 80 Neb. 290, 16 Am. & Eng. Ann. Cases, 366.) The same principle was applied in *Mace v. Reed*, 89 Wis. 440. In that case the trial court rejected testimony offered to show that a witness. was drunk at the time when, according to his testimony, a certain transaction related by him had occurred. The court said:

"It would certainly have been competent to show that. the witness was not in fact present, or that, although present, he was blind or asleep or in a condition of stupefaction, so that he could not apprehend what was going on about him. The proof that he was intoxicated is of the same general character. It is not strictly impeaching, but it tends to show that his faculties of observation were either entirely gone or much impaired." (p. 443.) *ᴸ*

Principles sustaining the ruling of the district court. are stated in *State v. Patterson,* (N. C.) 2 Iredell, 346; *Davis v. Roby,* 64 Maine, 427; *People v. Schuyler,* 106 N. Y. 298; 12 N. E. 783; *Green v. The State,* 58 Tex. Cr. Rep. 428, 22 L. R. A., n. s., 706; and other decisions.

When a witness has previously declared that he was sleeping at the time at which he says an event narrated in his testimony occurred, no good reason is apparent for excluding the declaration. Whether he made such statement, and its weight in determining the value of his testimony, are questions for a jury.

The judgment is affirmed.