Busalt v. Doidge.

No. 18,426.

ANDREW BUSALT, *Appellee*, V. WILLIAM DOIDGE et al.,
*Appellants*.

SYLLABUS BY THE COURT.

1. ASSAULTING AN OFFICER—*Instruction—Assumption of Fact
—New Trial*. In an action for assault by an officer in mak-
ing an arrest a chief item of dispute was whether the plain-
tiff had first assaulted the officer. In the only instruction
touching this matter it was referred to as "the assault made
or attempted to be made on him by the plaintiff." After a
verdict for the defendants the court granted a new trial on
account of this expression in the charge, which was com-
plained of as assuming that such assault had been made or
attempted. *Held*, not error.

2. PLEADINGS—*Anticipated Defense—Presumptions*. It is not
necessary or proper ordinarily for a plaintiff to plead re-
garding an anticipated defense, and an averment in effect
that he did not resist an officer in making an arrest states
merely what the law would in the absence of proof presume.

3. NEW TRIAL—*Rule on Review When Granted*. The rule that
a stronger showing is essential to establish error in grant-
ing than in refusing a new trial—followed.

Appeal from Leavenworth district court; JAMES H.
WENDORFF, judge. Opinion filed December 6, 1913.
Affirmed.

*John S. Dawson*, attorney-general, *Lee Bond, F. P.
Fitzwilliam*, and *M. N. McNaughton*, all of Leaven-
worth, for the appellants.

*T. W. Bell*, and *John T. O'Keefe*, both of Leaven-
worth, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendants appeal from an order
granting a new trial. The action was for damages
alleged to have been sustained by the plaintiff in an
assault committed by one of the defendants while in
the act of serving a warrant. One of the principal

contentions in the case was whether the plaintiff had first assaulted the officer so that the latter acted in self-defense. In its charge the court stated the claim, as set out in the petition, that the officer "without right, provocation or authority and without resistance on the part of said Andrew Busalt, unlawfully, willfully and wrongfully assaulted and beat said plaintiff," and instructed that the burden was upon him to prove every material allegation, and that a public officer in making an arrest should not use any force that is not necessary, and should he use any unnecessary force he is liable for any injury he may have inflicted while making the arrest. Then instruction No. 1 was given.

"No. 1.—I instruct you that if you believe from the evidence that the defendant, William Doidge, while making the arrest of the plaintiff, used only such force as to him, the said Wm. Doidge, appeared necessary to accomplish the same and to defend himself from the assault made or attempted to be made on him by the plaintiff, then your verdict should be for the defendant."

This was followed by No. 2, which was in exactly the same language except the words "and to defend himself from the assault made or attempted to be made on him by the plaintiff." The jury returned a verdict for the defendants, and a motion for a new trial was granted for the reason "that the court erred in giving instruction number one asked for by said defendants, and for that reason only."

The sole question is whether the court erred in granting a new trial for the one reason assigned. Upon the argument the second instruction referred to was criticized, but the briefs both state that there is but one question in the case—the correctness of the quoted words—and this is correct. It may be proper to say, however, that the true rule is that the defendant could use only such force as reasonably appeared necessary to him. (*Sloan v. Pierce,* 74 Kan. 65, 85 Pac. 812.)

The fault found with instruction No. 1 is that it assumed a fact and amounted to an assertion by the

Busalt v. Doidge.

court that the plaintiff had assaulted or attempted to assault the officer. The answer did not allege an assault or self-defense, but was simply a general denial, and while the petition averred that the assault was without provocation, authority or resistance, it did not devolve on the plaintiff to prove nonresistance, which the law would presume, nor the absence of a defense of which the defendant might avail himself. (*Frick v. Carson,* 3 Kan. App. 478, 43 Pac. 820; *Akin v. Davis,* 11 Kan. 580; *Bingman v. Walter,* 80 Kan. 617, 103 Pac. 120; Bliss on Code Pleading, 3d ed., §§ 200-205; 6 Standard Encyc. of Proc. 681-685.) Self-defense seems to have been tried regardless of the pleadings, and to have been the vital point of the contention. This made it the more necessary to cover the matter carefully and correctly in the instructions, and considering the pleadings and the real nature of the controversy it can hardly be said that the instruction complained of was such as to afford the plaintiff a fair trial before a jury properly charged as to the law of the case. (*Cronk v. Frazier,* 86 Kan. 879, 122 Pac. 893; *Murray v. Railway Co.,* 87 Kan. 750, 125 Pac. 45; *Putnam v. King,* 87 Kan. 842, 126 Pac. 1093.)

In criticizing the instruction the plaintiff can not be charged with singling out one of the many expressions in a charge, regardless of the others, for this is the only one touching the matter of assault by the plaintiff. Situations in some degree similar were touched upon in *Baugh v. Fist,* 84 Kan. 740, 115 Pac. 551; *The State v. Swartz,* 87 Kan. 852, 854, 126 Pac. 1091; and *Barker v. Railway Co.,* 88 Kan. 767, 772, 129 Pac. 1151.

Granting a new trial is attended with different circumstances from refusing one, and a much stronger showing is essential to establish error in such ruling. (*City of Sedan v. Church,* 29 Kan. 190; *Brick Co. v. Silvers,* 79 Kan. 694, 100 Pac. 477; *Turner v. Bank,* post.) The trial court evidently concluded, after considering the effect of the charge given, that the plain-

tiff was entitled to a trial in which the jury could be more specifically and correctly advised as to the rights of the parties, and in this conclusion we find no error. The order is affirmed.