No. 18,477.

CHARLES F. TURNER et al., *Appellees*, v. THE ELBING STATE BANK .of Elbing, *Appellant*.

SYLLABUS BY THE COURT.

JUDGMENT — *Rendered in Plaintiff's Absence — New Trial — Judicial Discretion.* A case was tried and judgment rendered in the absence of plaintiff and his counsel, and on an application promptly made a new trial was granted upon a showing that just before the trial one of the counsel for plaintiff was called to another state by the sickness of his wife, and that his partner, who was engaged in jury trials·in another county, over-looked the assignment of this case. There was also testimony to the effect that there had been communications from counsel for defendant suggesting that additional time might be needed by them to take depositions and to prepare for trial. In view of the discretion vested in trial courts in the matter of granting new trials, it can ·not be held that the court abused its discretion, nor that there was no basis for granting the motion.

Appeal from Butler district court; GRANVILLE P. AIKMAN, judge. Opinion filed December 6, 1913. Affirmed.

*A. L. L. Hamilton,* and *B. R. Leydig,* both of El Dorado, for the appellant.

*R. L. Holmes, Charles G. Yankey,* and *W. E. Holmes,* all of Wichita, for the appellees.

The opinion of the court was delivered by

. JOHNSTON, C. J.: On this appeal the question involved is whether or not there was error in an order granting a new trial. It appears that Charles F.

Turner was the owner of ten shares of the capital stock of The Elbing State Bank of Elbing, Kansas, and that he entered into an agreement with C. A. Stuckey whereby Stuckey was to purchase the shares. The purchase price and the certificates of stock were placed in the custody of the Merchants State Bank of Wichita, under an agreement that the money was to become Turner's when the shares had been legally transferred on the books of the bank. The bank refused to transfer the shares of stock on its books. Turner then began an action to enforce the transfer, and also asked for $500 damages resulting from the refusal to make the transfer, and he joined Stuckey, the purchaser, as a plaintiff. The bank answered, and in a cross-petition alleged that Turner had been the cashier of the bank for a considerable time, and while acting in that capacity had so conducted the business as to become liable to the bank in various sums of money amounting to $2152.97, and that the bank was entitled to a lien upon his shares of stock for that amount. Stuckey did not insist on the transfer of the stock, nor ask for any relief except the return to him of the money which, with the stock, had been placed in escrow in the Wichita bank. When the trial occurred neither Turner nor his attorneys were present, and in their absence a judgment was rendered against him for the sum of $1782. In due time Turner filed a motion for a new trial, alleging ten grounds, one of which was accident and surprise which ordinary prudence could not have guarded against and by reason of which he was not afforded an opportunity to present his evidence or be heard on the merits of the case; another that the decision was procured through a misunderstanding of attorneys as to the time the case would be ready for trial, and another because the case was not properly tried by the court, and that it was a case for a jury, and that a jury was not waived by Turner. At a hearing on the motion testimony was produced, and based thereon the court granted a new

Turner v. Bank.

trial upon the ground that, through unavoidable casualty and misfortune, Turner had been prevented from prosecuting and defending in the action. As a condition to the granting of a new trial, the court adjudged that Turner should pay all the costs which had accrued up to that time, taxed at $75.59, and also pay to the attorneys of the bank an attorneys' fee of $25. Testimony was offered to the effect that when certain motions which had been pending were disposed of in the district court in December, 1911, counsel for appellant advised counsel for appellee that they would desire to take depositions in the case, but that none had been taken. When the case was called on March 5, 1912, the court, upon consultation with counsel for appellant, decided that the case was triable by the court without a jury, and in a letter written by counsel for appellant to counsel for appellee, the latter, who lived in a neighboring county, were informed that the action was regarded as a court case, and that all court cases had been set down for March 25, and then added, "but after we know the case is for trial, like yourselves will have to have several days to get ready." It appears that the senior partner of the firm employed by appellee was called to Indiana on March 18, on account of the sickness of his wife. The hurried departure of counsel and the consequent loading of all the business of the firm, including jury trials in both the state and federal courts in Wichita, upon the junior partner, led him, he testified, to overlook the fact that the case had been set for hearing on March 25. This, he said, was due in part to the fact that counsel for appellant had indicated a desire to take depositions, and that as no notices to take depositions had been served upon him he assumed that the case would not be tried until they were in fact taken. The case was called on March 25, and after hearing some testimony in support of the answer and cross-petition of the appellant a judgment for a large sum was awarded against appellee. The motion for a

new trial was presented at the same term and within three days from the rendition of the judgment. The court granted the motion, and it has been held that a much stronger case for reversal must be made where it is granted than where it is refused. (*City of Sedan v. Church*, 29 Kan. 190.)

The court is vested with considerable discretion in the granting of new trials; and doubtless in this case it determined from the showing made that the claims and contentions of appellee in the case were meritorious. It can not be said that the appellee's attorney was wholly free from negligence, and ordinarily it is not a good ground for a new trial that an attorney did not know that a case was set down for trial on a particular day or that he overlooked the fact that it had been assigned for trial at a particular time. However, the sickness of counsel's wife, his sudden departure to a distant place, the increased burden placed upon the other partner, the communications of the intention of counsel to take depositions and that additional time to prepare for trial would be required by them, all together furnished some excuse for the delay and some ground for the ruling made. The reasons might not have been deemed so strong or to be sufficient if the trial court had denied the motion for a new trial. Having been granted upon a motion promptly made and upon terms favorable to appellant, and as each party will now be afforded an opportunity to have a trial upon the merits, we think there is little ground to complain of the ruling. The trial court being vested with large discretion in the matter of new trials, and being in closer touch with the case and better able to measure the testimony and the good faith of the application for a new trial than a reviewing court can be, we can not say that there was no basis for granting the motion nor that the discretion of the court was abused. The motion was allowed on the ground of unavoidable casualty and misfortune, and it is said that no such ground

was alleged in the motion. One of the grounds alleged was accident and surprise, and there is little difference between unavoidable accident and unavoidable casualty or misfortune.

In view of all the circumstances we can not say that the order granting the new trial should be reversed. What was said in *Investment Co. v. Hillyer,* 50 Kan. 446, 31 Pac. 1064, where it was claimed that a motion for a new trial was allowed upon insufficient grounds, has some application here:

"We do not think the application for a new trial was very formal. It was made, however, immediately after the judgment was rendered, and while the plaintiff below was still in court and present, and while the whole proceeding was still fresh in the mind of the trial court; and, although it may properly be said that the showing was not sufficient to fully comply with any of the provisions of the statute, and not such as would justify this court in reversing the ruling of the court below in that respect if it had overruled said motion, yet we think the court had power to set aside the judgment it had just rendered and grant a new trial; and, having exercised that power, this court will not reverse its action unless satisfied that the court below had abused its discretion in so doing. Trial courts are permitted a good deal of latitude in the exercise of judicial discretion. Not being satisfied that the court below abused its discretion in this case, it is recommended that the judgment of the district court be affirmed." (p. 448.)

(See, also, *Ragan v. James,* 7 Kan. 354; *Railway Co. v. Fields,* 73 Kan. 375, 85 Pac. 412; *Rowell v. Gas Co.,* 81 Kan. 392, 105 Pac. 691; *Humble v. Insurance Co.,* 85 Kan. 140, 116 Pac. 472; *Cronk v. Frazier,* 86 Kan. 879, 122 Pac. 893; *Murray v. Railway Co.,* 87 Kan. 750, 125 Pac. 45.)

The judgment of the district court will be affirmed.